463 So.2d 525 (1985)
The STATE of Florida, Appellant,
v.
Louis James WILLIAMS, a/K/a Louis James William, Appellee.
No. 84-751.
District Court of Appeal of Florida, Third District.
February 12, 1985.
Jim Smith, Atty. Gen. and Calianne P. Lantz, Asst. Atty. Gen., for appellant.
Bennett H. Brummer, Public Defender and Bruce A. Rosenthal, Asst. Public Defender, for appellee.
Before BARKDULL, NESBITT and DANIEL S. PEARSON, JJ.

ON MOTION TO DISMISS APPEAL
DANIEL S. PEARSON, Judge.
The imposition of a 364-day sentence upon the defendant, substantially below the seven-to-nine-year sentence recommended by the applicable sentencing guidelines, prompted this appeal by the State. The defendant has moved to dismiss the appeal, contending that because the notice of appeal filed on April 3, 1984, was filed more than fifteen days after the rendition of the judgment and sentence on March 12, 1984, we are without jurisdiction.[1] The State's response is that its notice, admittedly not filed within fifteen days of the judgment and sentence, is nonetheless timely, having been filed within fifteen days of the trial court's order of March 22, 1984, the first writing setting forth the reasons for the departure from the sentencing guidelines. We agree with the State and deny the defendant's motion to dismiss.
Florida Rule of Criminal Procedure 3.701 d. 11 requires that "[a]ny sentence outside of the guidelines must be accompanied by a written statement delineating the reasons for the departure." Where a sentence is imposed below the range recommended by the guidelines, the State is given the right to appeal. See Fla.R.App.P. 9.140(c)(1)(J). But unlike an appeal from an illegal sentence under Rule 9.140(c)(1)(I), where the illegality is manifest with the mere pronouncement of sentence, the propriety vel non of a sentence imposed outside of the recommended guideline range cannot be said to be known until the written reasons for the departure from the guidelines are given. The essence of an appeal under Rule 9.140(c)(1)(J) is not that the trial court departed from the *526 guidelines, but rather that the reasons given by the trial court for departing from the guidelines do not justify the departure. Thus, an appeal which precedes the filing of the written statement delineating the reasons for departure is premature.
In the present case, we need not decide whether the requirement of a written statement can be satisfied by the transcription and filing of the trial judge's recorded oral sentencing statement.[2] Her sentencing comments, even if read as reasons for departure, were not in fact transcribed and filed until well after the appeal was lodged in this court; the earliest filed writing which set forth reasons for departure was the trial court's written order of March 22, 1984. Since the State's appeal was taken within fifteen days of that order, it was timely.
Motion to dismiss denied.
NOTES
[1] In a criminal case, excepting appeals under Florida Rule of Appellate Procedure 9.140(c)(1)(H), the State's notice of appeal must be filed "with the clerk of the lower tribunal within 15 days of rendition of the order to be reviewed." Fla.R.App.P. 9.140(c)(2).
[2] The Second District, see Brady v. State, 457 So.2d 544 (Fla. 2d DCA 1984); Fleming v. State, 456 So.2d 1300 (Fla. 2d DCA 1984); Klapp v. State, 456 So.2d 970 (Fla. 2d DCA 1984); Smith v. State, 454 So.2d 90 (Fla. 2d DCA 1984); Fourth District, see Harvey v. State, 450 So.2d 926 (Fla. 4th DCA 1984); and Fifth District, see Burke v. State, 456 So.2d 1245 (Fla. 5th DCA 1984), have held that a transcript of the trial court's oral statement of reasons for departure is the functional equivalent of the written statement of reasons because it is equally amenable to appellate review. The First District reads Florida Rule of Criminal Procedure 3.701 d. 11 literally and holds to the view that a written statement must be filed contemporaneously with the pronouncement of sentence, see Roux v. State, 455 So.2d 495 (Fla. 1st DCA 1984); Jackson v. State, 454 So.2d 691 (Fla. 1st DCA 1984). Whether the transcript, rather than the separate written order, is or is not equally amenable to appellate review, nothing less than a filed transcript will fulfill the requirement of a written statement. At least until one or the other is a matter of record, the State's appeal time does not begin to run.