518 So.2d 1360 (1988)
Robert David DOMBERG, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. BD-335.
District Court of Appeal of Florida, First District.
January 15, 1988.
Rehearing Denied February 22, 1988.
*1361 Jerold S. Solovy, Glenn K. Seidenfeld, Barry Levenstam, Michael T. Brody, of Jenner & Block, Claude B. Kahn, of Kipnis, Kahn, Condon & Bruggerman, Chicago, for appellant.
Robert A. Butterworth, Atty. Gen., Gary L. Printy, Asst. Atty. Gen., for appellee.
WENTWORTH, Judge.
Appellant seeks review of judgments of conviction and sentences for kidnapping, conspiracy to commit murder, and violating the Florida RICO Act. Numerous issues have been presented for our review. We find that appellant has failed to demonstrate any point of reversible error and we therefore affirm the judgments and sentences appealed.
Appellant and other defendants, including Edward McCabe and Joseph Sallas, were variously charged by a grand jury indictment alleging the murder of agricultural inspector Austin Gay, the kidnapping of and conspiracy to murder agricultural inspector Leonard Pease, and violations of the Florida RICO Act based upon the murder of Gay, the kidnapping of and conspiracy to murder Pease, and numerous drug offenses. Extensive evidence was presented at a lengthy trial during which it was indicated that appellant was an organizational leader in a wide-ranging conspiracy involving the importation and sale of drugs. Appellant had proclaimed to various individuals that he controlled the sale of marijuana on Chicago's south side, and the evidence established that on numerous occasions these drugs were transported through Florida and ultimately received for distribution in Chicago with appellant's aid and assistance. During one such transaction inspector Pease was kidnapped when he discovered a large quantity of marijuana being transported in north Florida. Pease was left bound in north Florida and the individuals whom he had confronted fled the state. Appellant thereafter indicated that it would be necessary to have Pease killed and suggested that this could be arranged through Edward McCabe, who was involved with appellant in various drug transactions. McCabe arranged a meeting with Joseph Sallas who was then hired to kill inspector Pease. Sallas suggested that alibis should be arranged and he traveled to Florida. While Sallas was in Florida inspector Austin Gay was killed, whereupon Sallas abandoned the plan to kill inspector Pease.
Appellant was found guilty of kidnapping and conspiring to murder inspector Pease and violating the Florida RICO Act. McCabe was found guilty of conspiring to murder Pease and violating the RICO Act, and Sallas was found guilty of conspiring to murder Pease.
Appellant's RICO conviction was based upon a charge and proof which included predicate acts occurring outside the state of Florida. Appellant was properly subjected to prosecution in Florida and the jury was entitled to consider this evidence as related to the overall drug conspiracy which encompassed repeated acts within the state. See section 910.005(1), Florida Statutes. Furthermore, even if the predicate acts which occurred outside the state were not considered, there was sufficient other proof to support the RICO conviction by overwhelming evidence.
During the course of the trial testimony was presented implicating appellant in several uncharged criminal acts. This similar fact evidence established an ongoing pattern of criminality generally involving similar offenses and the same participants as the present case. The evidence was thus relevant and admissible under the rule announced in Williams v. State, 110 So.2d 654 (Fla. 1959). See also, Cotita v. State, 381 So.2d 1146 (Fla. 1st DCA 1980). While this testimony may have also had the further effect of impairing appellant's *1362 character before the jury, it did not become a featured aspect of the trial. Rather, it was merely an insubstantial portion of the extensive evidence presented and any derogation of appellant's character in this regard would not have significantly impacted the jury's verdict.
During the trial it was also revealed that appellant had recently been convicted of another drug offense in Florida. Appellant attempted to explain this incident by suggesting that he was merely conducting a personal investigation into the Pease kidnapping. The prosecutor questioned appellant as to whether he had so advised law enforcement personnel after his arrest, and appellant admitted that he had not. This line of questioning was impermissible as it was fairly susceptible of being interpreted as a comment on appellant's right to remain silent. See Hosper v. State, 513 So.2d 234 (Fla. 3rd DCA 1987). The prosecutor also noted that "the jury didn't believe you there... ." However, the court instructed that the latter remark should be disregarded and the jury was already aware of appellant's prior conviction. Considering the improper prosecutorial comment in context with the totality of the evidence presented, it is clear beyond any reasonable doubt that these remarks did not impermissibly influence the jury's verdict. The challenged prosecutorial comment thus does not warrant reversal of appellant's convictions. See State v. DiGuilio, 491 So.2d 1129 (Fla. 1986).
Appellant elected to be sentenced pursuant to the Fla.R.Crim.P. 3.701 sentencing guidelines. The court imposed sentences which exceed the recommended guidelines range, providing written reasons for this departure. Although the listed reasons include several factors which will not support a guidelines departure, the court also specified many valid reasons to support the departure. It is clear that even without the improper considerations the court would have imposed the same sentences. In accordance with Albritton v. State, 476 So.2d 158 (Fla. 1985), we therefore decline to remand for resentencing.
The numerous other issues which appellant has raised on appeal are likewise without merit. We accordingly affirm the judgments and sentences appealed.
SMITH, C.J., and JOANOS, J., concur.