CAMPBELL, Judge.
Osby Alphonso Green, Jr. appeals the trial court’s upward departure from the recommended guidelines sentences for three counts of armed robbery, one count of attempted robbery and one count of aggravated battery. The trial judge departed from the recommended guidelines sentence of seven to nine years and sentenced appellant instead to concurrent fifteen-year terms with three-year minimum mandatory sentences for use of a firearm on the three robbery counts and the attempted robbery and life probation on the aggravated battery.
The trial judge articulated no reasons for departure at the sentencing hearing on June 9, 1987, but simply announced that he “will attach written reasons to the sentence and judgment.” The judgment and sentences were entered and filed on June 9, 1987. The order containing the written reasons for departure was entered on July *278 9, 1987, exactly one month after imposition of the judgment and sentences.
The stated reasons for departure were as follows:
1. The Defendant’s actions created an extreme risk of injury to others.
2. The severity of the Defendant’s crimes demand an upward sentence.
3. The Defendant’s act of premeditation, while not an element of the crimes he has been charged with, is a valid departure reason.
4. The Defendant’s actions created severe psychological or emotional trauma to all victims involved.
5. The recommended sentence of the guidelines should be deemed inadequate for rehabilitation or deterrence of this Defendant.
6. The Defendant was engaged in a crime wave or binge, thereby demanding a harsher penalty.
7. The fact the Defendant committed his crimes in a professional manner further demands a departure from the sentencing guidelines.
We initially conclude that the broad, generally-stated reasons of the trial judge’s order, without more “fleshing out” of the facts to substantiate those reasons, does not equate to the required “clear and convincing” reasons. Martinez-Diaz v. State, 484 So.2d 633 (Fla. 2d DCA 1986).
More importantly, however, is the fact that the trial judge did not enunciate any reasons for departure at sentencing, nor did he enter a sufficiently “contemporaneous” written order stating his reasons. It has not been definitively or consistently decided by our courts as to the precise time that the written reasons must be produced by the trial judge in regard to the pronouncement of sentence. Ree v. State, 512 So.2d 1085 (Fla. 4th DCA 1987); Elkins v. State, 489 So.2d 1222 (Fla. 5th DCA 1986). As those cases point out, the Committee Note to Florida Rule of Criminal Procedure 3.701(d)(ll) states that reasons for departure must be articulated at the time sentence is imposed. This court has specifically held that in the absence of contemporaneous written reasons, at the time of sentencing, due process requires that the trial judge inform a defendant of the reasons for departure at sentencing. Washington v. State, 501 So.2d 133 (Fla. 2d DCA 1987). In this case, there were no reasons stated at sentencing and the written order containing the reasons was not entered until one month after entry of the written judgment and sentences. That is clearly viola-tive of the rule and appellant’s departure sentences are, therefore, reversed and, on remand, appellant shall be sentenced according to the recommended guidelines sentence.
Furthermore, there are several errors regarding the life probation sentence imposed upon the aggravated battery count. First, the Judgment of Guilt and Placing Defendant on Probation contains a scrivener’s error which indicates appellant entered a plea of guilty to “attempted battery.” On remand, that record should be corrected to reflect that appellant’s plea was to aggravated battery.
Second, we agree with appellant that life probation is an illegal sentence for the second degree felony offense of aggravated battery. § 775.082(3)(c), Fla.Stat. (1985); Reynolds v. State, 339 So.2d 714 (Fla. 2d DCA 1976). On remand, appellant shall be sentenced on the aggravated battery charge to the recommended sentence or to probation within the statutory maximum sentence. However, it is clear to us from the transcript as to the reasons the trial judge desired to impose a life probation sentence. If the trial judge is still so inclined, he, of course, may impose a life probation on the armed robbery charges that would follow in addition to and at the conclusion of the recommended guidelines prison terms. § 812.13(2)(a), Fla.Stat. (1985). Such a term of probation to follow the recommended prison term does not cause a departure from the recommended guidelines sentence. See Committee Note to Fla.R.Crim.P. 3.701(d)(12). Burrell v. State, 483 So.2d 479 (Fla. 2d DCA 1986); McKinley v. State, 519 So.2d 1154 (Fla. 5th DCA 1988); Cain v. State, 506 So.2d 1125 *279 (Fla. 1st DCA 1987); Bell v. State, 479 So.2d 309 (Fla. 5th DCA 1985).
Reversed and remanded with instruc-bono
LEHAN and FRANK, JJ., concur.