533 So.2d 1173 (1988)
STATE of Florida, Appellant,
v.
Robbie EALY, Appellee.
No. 87-3017.
District Court of Appeal of Florida, Second District.
September 2, 1988.
Rehearing Denied November 17, 1988.
*1174 Robert A. Butterworth, Atty. Gen., Tallahassee, and Lauren Hafner Sewell, Asst. Atty. Gen., Tampa, for appellant.
James Marion Moorman, Public Defender, and D.P. Chanco, Asst. Public Defender, Bartow, for appellee.

ON MOTION TO DISMISS APPEAL
PER CURIAM.
This appeal is taken by the state more than fifteen days after the filing of the written sentence departing downward from the applicable guidelines range. The state contends that the appeal is nonetheless timely because the trial judge has not yet entered written reasons for the downward departure.
The state argues that the sentence is not rendered until the order giving the written reasons for departure is entered. Also, it is pointed out that without written reasons the state cannot attack the departure sentence on the merits.
The appellate rules provide that an order is rendered when signed by the trial judge, reduced to writing, and filed in the clerk's office. Fla.R.App.P. 9.020(g). Thus, the sentence, which is the order being appealed herein, should have been appealed within fifteen days of the time it was filed in the clerk's office. An order stating reasons for departure, while relevant to an appeal raising guidelines issues, is not the order from which the state or defendant may appeal.
The failure to give written reasons within a short length of time is itself reversible error. See Green v. State, 527 So.2d 277 (Fla. 2d DCA 1988). As the state points out, however, the failure to enter an order with written reasons for departure may necessitate an appeal on the merits if written reasons are given after reversal. Written reasons for departure should be entered simultaneously with the departure sentence or at the least, very shortly thereafter. Failure to do so leads to an unwarranted and wasteful use of judicial resources.
We acknowledge conflict with State v. Williams, 463 So.2d 525 (Fla. 3d DCA 1985). Williams held that the state may appeal within fifteen days of the order stating reasons for departure even if more than fifteen days from the filing of the sentencing order. Because we disagree we find the notice of appeal herein untimely. Accordingly, this appeal is hereby dismissed.
SCHEB, A.C.J., and HALL and THREADGILL, JJ., concur.