ON MOTION TO DISMISS APPEAL
PER CURIAM.
The appellee has filed a motion to dismiss the state’s appeal, contending that the notice of appeal was untimely filed. We agree, and, for the reasons stated below, dismiss the appeal.
On November 30, 1987, appellee pleaded guilty to several charges and the trial court entered judgments of guilt and placed him on two years’ community control to be followed by five years’ probation. This punishment represented a downward departure from the recommended guidelines’ sentencing range of 5½ to 7 years’ incarceration. On December 14, 1987, the trial court filed its written reasons for the departure. On December 21, 1987, two orders entitled “judgment of guilt and placing defendant on probation” and “judgment of guilt placing defendant in community control” were filed in the circuit court clerk’s office. These orders, dated November 30, 1987, stated the conditions of probation and community control. The state filed its notice of appeal on December 21, 1987, which identified the December 14, 1987, order of written reasons for the guidelines departure as the subject of the appeal.
Appellee, relying on State v. Ealy, 533 So.2d 1173 (Fla. 2d DCA 1988), contends that the notice of appeal was untimely filed. In Ealy, this court held that the state’s notice of appeal, which was filed more than fifteen days after the entry of the defendant’s departure sentence, was untimely even though the written reasons for departure had not been rendered when the notice of appeal was filed. We held that it is the sentence, not the reasons for departure, from which a proper appeal may be taken. Id. See also Fla.R.App.P. 9.140(c)(l)(J) (state may appeal sentence imposed outside recommended guidelines range). More recently, this court has held that a notice of appeal filed within fifteen days of the rendition of an order stating reasons for departure, but more than fifteen days from the rendition of the judgment and sentence, was untimely. State v. Hieber, 541 So.2d 1208 (Fla. 2d DCA 1988).
The state contends that the December 21, 1987, orders which set forth the conditions of probation and community control should trigger the time for taking an appeal, not the judgment orders. This argument is without merit. The judgment orders rendered November 30, 1987, imposed the departure “sentences” of community control followed by probation. Further, the December 21, 1987, orders only stated in writing the conditions of community control and probation. The state’s appeal is from the departure sentence, which “sentence” was rendered on November 30, 1987, although the written reasons for the departure were not filed until December 14, 1987.
Consistent with Hieber and Ealy, we hold that the state’s notice of appeal, filed more than fifteen days after the rendition of the appellee’s judgment and “sentence” on November 30, 1987, was untimely. Accordingly, the appeal is dismissed. As in Hieber and Ealy, we acknowledge conflict with State v. Williams, 463 So.2d 525 (Fla. 3d DCA 1985).
Appeal dismissed.
RYDER, A.C.J., and DANAHY and LEHAN, JJ., concur.