553 So.2d 161 (1989)
Brenda FOX, Petitioner,
v.
DISTRICT COURT OF APPEAL, FOURTH DISTRICT, Respondent.
No. 73697.
Supreme Court of Florida.
November 30, 1989.
*162 Richard L. Jorandby, Public Defender and Louis G. Carres, Asst. Public Defender, Fifteenth Judicial Circuit, West Palm Beach, for petitioner.
Robert A. Butterworth, Atty. Gen., and Joan Fowler, Asst. Atty. Gen., West Palm Beach, for respondent.
McDONALD, Justice.
Brenda Fox seeks a writ of prohibition from this Court to prevent review of her sentence in the district court. We have jurisdiction. Art. V, § 3(b)(7), Fla. Const. We grant the writ of prohibition and direct the district court to dismiss the appeal because the state did not file it in a timely manner.
Fox pled guilty to second-degree murder in 1988. The trial court sentenced her to seven years' imprisonment, a downward departure from the recommended guidelines range of twelve to seventeen years. The state filed its notice of appeal from this departure sentence within fifteen days from the filing of the trial judge's written reasons for departure, but more than fifteen days from the court's pronouncement of the sentence.[1] Fox argues that the time for appeal from a departure sentence, under Florida Rule of Appellate Procedure 9.140, begins running with the court's pronouncement of sentence.[2] Fox contends that the state's appeal was untimely and, therefore, that the district court lacks jurisdiction to review her sentence.
The state argues that until the trial judge files written reasons for departure, it is impossible to determine if a meritorious appeal from the sentence exists. Under this theory the reasons for departure, not the sentence, form the basis for the appeal.[3] Therefore, according to the state, the time for appeal does not begin to run until the court files its written reasons for departure. The state relies upon State v. Williams, 463 So.2d 525, 525-26 (Fla. 3d DCA 1985), in which the court held:
The essence of an appeal under Rule 9.140(c)(1)(J) is not that the trial court departed from the guidelines, but rather that the reasons given by the trial court for departing from the guidelines do not justify the departure. Thus, an appeal which precedes the filing of the written statement delineating the reasons for departure is premature.
Therefore, the issue presented to this Court is whether the time for appeal from a departure sentence under rule 9.140 runs from the pronouncement and signing of the *163 sentence in court or from filing of the written reasons for departure. We disagree with the state's contentions and disapprove Williams to the extent that it conflicts with this decision. We are convinced that the relevant rules and requirements of justice mandate that the time for appeal from a sentence under rule 9.140, either by the defendant or by the state, begins running when the trial judge orally pronounces sentence in court and signs the sentencing form. Oral pronouncement and signing of a sentence by the court commences the term of the sentence itself. The defendant is immediately placed into custody and immediately begins to serve the sentence. It would be unjust and illogical to suppose that pronouncement commences the sentence for the purpose of the defendant's imprisonment, but not for the purpose of starting the time for appeal. Thus, the time for appeal from the sentence should begin to run immediately from oral pronouncement and signing of the sentence.[4]
Section 921.001(5), Florida Statutes (1987), specifically states: "The failure of a trial court to impose a sentence within the sentencing guidelines shall be subject to appellate review pursuant to chapter 924. The extent of departure from a guideline sentence shall not be subject to appellate review." Section 924.06(1)(d) and (e) and section 924.07(1)(e) and (i), Florida Statutes (1987), provide that either a defendant or the state, may appeal from an illegal sentence or from a sentence imposed outside the range recommended by the guidelines authorized by section 921.001. The sentence, rather than the written reasons for departure, constitutes the final order appealed. State v. Ealy, 533 So.2d 1173 (Fla. 2d DCA 1988). There is no right to appeal from an order stating reasons for departure. Id. The right to appeal vests immediately when an illegal or departure sentence is pronounced. See Mitchell v. State, 458 So.2d 10 (Fla. 1st DCA 1984), review denied, 464 So.2d 556 (Fla. 1985), disapproved on other grounds, State v. Whitfield, 487 So.2d 1045 (Fla. 1986). At that point, any reasonable basis for appeal on either of these two grounds is sufficiently developed for evaluation.
The appeal from Fox' sentence is untimely because the state failed to file its notice of appeal within fifteen days after pronouncement of the sentence. The district court lacks jurisdiction to hear the state's appeal, and Fox' writ of prohibition is hereby granted.
It is so ordered.
EHRLICH, C.J., and SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.
OVERTON, J., dissents.
NOTES
[1] The trial court sentenced Fox on July 18, 1988. On August 8, 1988 Judge Korda entered an order, filed with the clerk of court on August 11, 1988, stating nine specific findings, including reasons for the departure. The state filed its notice of appeal from the departure sentence on August 26, 1988.
[2] Fla.R.App.P. 9.140(b)(2) states that a defendant shall file the notice of appeal "at any time between rendition of a final judgment and 30 days following the entry of a written order imposing sentence." Appeals by the state, under rule 9.140(c)(2), shall be filed "within 15 days of rendition of the order to be reviewed."
[3] Written reasons are required both by the rules and by statute whenever the court enters a departure sentence. Fla.R.Crim.P. 3.701(d)(11) states: "Any sentence outside the permitted guideline range must be accompanied by a written statement delineating the reasons for the departure." § 921.001(6), Fla. Stat. (1987), states: "The sentencing guidelines shall provide that any sentences imposed outside the range recommended by the guidelines be explained in writing by the trial court judge."
[4] The problem presented in this case should not arise in the future. In Ree v. State, no. 71,424, (Fla. Nov. 16, 1989), we held that a trial judge must produce written reasons for departure from the sentencing guidelines at the time sentence is pronounced.