PER CURIAM.
Appellant appeals his judgment and sentence for aggravated battery with a deadly weapon. This court, sua sponte, issued an order to show cause why the appeal should not be dismissed for failure to timely file the notice of appeal. We discharge our order to show cause.
Appellant filed his pro se notice of appeal on April 19, 1990. The notice stated that appellant was appealing his judgment and sentence rendered March 13, 1990. Since the notice on its face indicated that it was filed more than 30 days after the order being appealed was apparently rendered, this court issued an order to show cause why the appeal should not be dismissed.
Appellant responded with a motion requesting the appointment of counsel and to file a belated appeal. The motion stated that appellant was represented in the trial court by the public defender for the Fourteenth Judicial Circuit and that appellant was under the impression that the public defender was still representing him. Appellant further represented that he did not know why the public defender had not filed the notice of appeal, but given such circumstances he should be allowed to file a belated appeal.
Shortly after receiving appellant’s response this court received a copy of appellant’s judgment and sentence from the lower tribunal. Although the judgment and sentence were signed by the trial court judge on March 13, 1990, the copy of the judgment and sentence forwarded to this court did not appear to have been rendered because there was no file/stamp date on the face of the order indicating filing in the clerk’s office. This court requested from the lower tribunal a copy of the judgment and sentence which had been rendered, in order to determine whether appellant’s notice of appeal had been timely filed. The clerk’s office responded by indicating that it did not typically “file” the judgment and sentence. The clerk’s office further indicated that it deemed the judgment and sentence rendered as of the date the judge signed the order.
While the matter was under consideration, this court received in the mail a new copy of appellant’s judgment and sentence. This new copy of the judgment and sentence contained a file/stamp date of June 7, 1990, indicating that the judgment and sentence had been filed with the clerk of the lower tribunal on that date. We also received a copy of an order appointing the public defender to represent appellant on appeal.
The two critical dates in determining whether a notice of appeal is timely filed are the date of filing the notice and the rendition date of the order to be reviewed. Rendition is defined in the Florida Rules of Appellate Procedure as “the filing of a signed, written order with the clerk of the lower tribunal.” Fla.R.App.P. *261 9.020(g).[1] If a notice of appeal is filed before rendition, the appeal exists in “limbo.” Williams v. State, 324 So.2d 74, 79 (Fla.1975). The appeal cannot be dismissed, nor does jurisdiction vest in the appellate court. Id, at 79. It is imperative that a trial judge’s signed, written order be filed by the clerk of the lower tribunal as soon as possible so that the appeal, if any, can proceed.
Appellant’s judgment and sentence now having been rendered by the filing of the judgment and sentence with the clerk of the lower tribunal, we discharge our order to show cause why the appeal should not be dismissed for failure to timely file the notice of appeal. Appellant’s motion to file a belated appeal and for appointment of counsel is denied as moot.
WENTWORTH, NIMMONS and ALLEN, JJ., concur.

. Of course, a timely motion for rehearing or other authorized motion under the rule suspends rendition until disposition of the motion.