573 So.2d 1021 (1991)
William Sonny JOHNSON, Appellant,
v.
STATE of Florida, Appellee.
No. 90-2853.
District Court of Appeal of Florida, First District.
January 31, 1991.
Susan Lewis, Asst. Public Defender, Green Cove Springs, for appellant.
No appearance for appellee.
PER CURIAM.
On the court's own motion, we consider whether the order being appealed has been rendered so that the appeal may proceed.
A jury found appellant guilty of armed robbery in violation of section 812.13(2)(c), Florida Statutes. In accordance with that finding the trial court signed a judgment and sentence. Appellant appealed the judgment and sentence. Pursuant to this court's internal operating procedures the record, upon receipt, was reviewed to determine, among other things, whether the notice of appeal was timely filed. See Miller v. State, 564 So.2d 259 (Fla. 1st DCA 1990). Since the timeliness of the notice of appeal is determined by the date of rendition of the order to be reviewed and the date of the filing of the notice of appeal, we reviewed the judgment and sentence to determine the date of rendition of the orders being appealed.[1] Rendition is defined in the Rules of Appellate Procedure as "the filing of a signed, written order with the clerk of the lower tribunal." Fla.R.App.P. 9.020(g). If the order being appealed has not been rendered, the appeal cannot proceed because jurisdiction has not been vested in the appellate court. Williams v. State, 324 So.2d 74, 79 (Fla. 1975). From our review of the record we cannot determine the date of rendition[2] of *1022 the judgment and sentence. Our inability to determine the date of rendition is caused by the lack of any notation on the judgment and sentence, such as a date stamp, which indicates the date of rendition. Being unable to determine the date of rendition we are unable to determine whether this appeal should proceed.
Accordingly, the record on appeal is returned to the lower tribunal for 20 days from the date of this order with directions for the clerk of the lower tribunal to indicate the date of rendition of the judgment and sentence by noting on the face of the judgment and sentence the date of filing of the judgment and sentence in the clerk's office.
SHIVERS, C.J., and WENTWORTH and ZEHMER, JJ., concur.
NOTES
[1] This is an appeal pursuant to Florida Rule of Appellate Procedure 9.140. The time for filing such an appeal is controlled by Rule 9.140(b)(2). That rule provides in pertinent part: "Commencement. The defendant shall file the notice prescribed by Rule 9.110(d) with the clerk of the lower tribunal at any time between rendition of a final judgment and 30 days following entry of a written order imposing sentence." (Emphasis added). "Entry" is not defined in the Florida Rules of Appellate Procedure. While the Florida Supreme Court has stated that "entry of judgment" and "rendition" are synonymous "for appellate purposes", Williams v. State, 324 So.2d 74, 79 (Fla. 1975), since entry and rendition do not always mean the same thing, see Casto v. Casto, 404 So.2d 1046, 1048 (Fla. 1981) (under the Florida Rules of Civil Procedure entry of judgment means recording, not filing) the Appellate Court Rules Committee of the Florida Bar may want to address the wording of this rule to avoid potential confusion.
[2] The index to the Record on Appeal indicates a "date filed" for all the items in the record. We decline to use this "date filed" date in the index as the date of rendition because the index itself has not been certified by the clerk to be correct. We note that many documents in the record do not have a date stamp but rather have a notation "placed in the computer" on the front of the document. We are not sure that "placed in the computer" means the same thing as filed, although the clerk appears to treat them the same.