SMITH, Judge.
Vernon Lavell Frazier (hereafter, petitioner) has petitioned this court for a writ of habeas corpus arguing that he received the ineffective assistance of appellate counsel during the direct appeal of his convictions and sentences for first degree and second degree murder. For the reasons more fully explained below, we deny the petition.
On a prior appeal, this court affirmed petitioner’s convictions and sentences, with the exception of the trial court’s reservation of jurisdiction over petitioner’s sentence. Frazier v. State, 488 So.2d 166 (Fla. 1st DCA 1986), rev. denied, 494 So.2d 1150 (Fla.1986). Petitioner now claims that his appellate counsel was ineffective for failing to argue on direct appeal that fundamental error occurred at his trial when the jury was instructed on manslaughter but was not contemporaneously instructed on justifiable and excusable homicide. It is now well-established that the giving of such an incomplete manslaughter instruction constitutes fundamental error when the defendant is convicted of second degree murder or manslaughter. Rojas v. State, 552 So.2d 914 (Fla.1989).
As was the case in Harris v. State, 580 So.2d 243, 246 (Fla. 1st DCA 1991), this court is again required to “turn back the appellate clock” to determine whether the giving of an incomplete manslaughter instruction was error cognizable at the time petitioner directly appealed his convictions in 1986. A review of the case law discussed at length in Harris indicates that the giving of an incomplete manslaughter instruction was an issue cognizable on appeal, regardless of whether the issue was preserved at trial. However, like the appellate counsel in Harris, petitioner’s appellate counsel, we believe, was not ineffective for failing to argue this point on appeal given the particular facts of his case.
Petitioner was charged with murder of Cindy Booker, his one-time girlfriend, and Tammy Davis, Booker’s sister. At trial, petitioner claimed that Cindy Booker grabbed a gun that he had in his pocket, and that despite petitioner’s warning to her that the gun was not a “toy,” while the gun was in her complete possession and control the gun discharged in Cindy Booker’s face, killing her. Petitioner further claimed at trial that after Cindy Booker shot herself, Tammy Davis became hysterical. She grabbed the gun, and petitioner grabbed her from behind. A tussle ensued, and the gun, which was still in Tammy Davis’ possession, discharged three times, killing Davis as well.
Because petitioner’s defense at trial was the claim that both women accidentally shot themselves with his gun, the defenses of justifiable or excusable homicide were not implicated.[1] Accordingly, we hold that petitioner’s appellate counsel did not perform outside the professionally acceptable range when she failed to raise the issue of the use of an incomplete manslaughter instruction. Johnson v. Wainwright, 463 So.2d 207 (Fla.1985); Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).
The petition for a writ of habeas corpus is DENIED.
KAHN and WEBSTER, JJ„ concur.

. As noted, the use of an incomplete manslaughter instruction is fundamental error only when a defendant is convicted of second degree murder or manslaughter. Rojas; Squires v. State, 450 So.2d 208 (Fla.1984). Therefore, we are concerned only with petitioner’s conviction for second degree murder, which according to our records from petitioner's direct appeal, relates to the death of Cindy Booker. Nevertheless, it is clear that the defenses of justifiable and excusable homicide have no application to the killing of either Davis or Booker.