JOANOS, Judge.
Robert David Domberg petitions this court for a writ of habeas corpus based upon claims that the trial court lacked jurisdiction to file written reasons for a sentence in excess of the recommended guideline sentencing range, and ineffective assistance of appellate counsel. We deny the writ.
On October 26, 1984, petitioner Domberg was convicted of kidnapping, conspiracy to commit murder, and violation of the Florida RICO Act. Domberg elected to be sentenced in accordance with the sentencing guidelines; the recommended guideline sentencing range was fifteen years. The trial court imposed a sentence in excess of the recommended guideline sentence and provided written reasons for the departure. A more detailed recitation of the underlying facts is set forth in this court’s opinion of January 15,1988. See Domberg v. State, 518 So.2d 1360 (Fla. 1st DCA), review denied, 529 So.2d 693 (Fla.1988).
One of the issues raised on appeal was the question of the contemporaneity, as well as the validity, of the reasons provided by the trial court for the departure sentence. The opinion addressed the sentencing disposition briefly, noting that the departure sentence was supported by written departure reasons, some of which were valid, and affirmed the judgment and sentences in all respects. 518 So.2d at 1362.
In the instant petition filed November 12, 1992, Domberg contends the trial court lacked jurisdiction to enter written departure reasons, because the notice of appeal was filed before the departure reasons were filed, thereby divesting the trial court of jurisdiction. Domberg further contends his appellate counsel was ineffective for failing to raise the jurisdictional issue on appeal. The state responds that although the issue raised on appeal was cast in terms of a failure to provide contemporaneous written reasons for departure, the issue was the same as that presented in this petition. If this court concludes the precise issue was not raised on direct appeal, the state maintains that habeas corpus is not available, because the matter could have been raised on direct appeal, or challenged in a postconviction motion. As to the claim of ineffective assistance of appellate counsel, the state maintains petitioner cannot *529 meet the first Strickland v. Washington[1] requirement to show that counsel’s performance was deficient.
The threshold requirement for filing a notice of appeal is the existence of a written, signed judgment filed by the clerk for recording. Fla.R.App.P. 9.020(g); Williams v. State, 324 So.2d 74, 76 (Fla.1975); Owens v. State, 579 So.2d 311, 312 (Fla. 1st DCA 1991); Miller v. State, 564 So.2d 259, 261 (Fla. 1st DCA 1990). That is, the time for appeal from a departure sentence “begins to run from the date the sentencing judgment is filed, not the written reasons.” State v. Lyles, 576 So.2d 706, 708 (Fla.1991). This is because “[t]he sentence, rather than the written reasons for departure, constitutes the final order appealed.” Fox v. District Court of Appeal, Fourth District, 553 So.2d 161, 163 (Fla.1989). Once a notice of appeal has been filed from a properly rendered judgment, a trial court is without jurisdiction to file written reasons for departure. Davis v. State, 606 So.2d 470 (Fla. 1st DCA 1992); Wright v. State, 617 So.2d 837, 841 (Fla. 4th DCA 1993); Vara v. State, 575 So.2d 306, 307 (Fla. 2d DCA 1991); State v. McCray, 544 So.2d 313 (Fla. 2d DCA 1989), approved, 557 So.2d 33 (Fla.1990); Hawryluk v. State, 543 So.2d 1318 (Fla. 5th DCA 1989); State v. Ealy, 533 So.2d 1173, 1174 (Fla. 2d DCA 1988).
In the instant case, the portions of the record furnished by the parties establish that the subject judgment and sentences were rendered October 26, 1984. The notice of appeal was filed timely on November 21, 1984, at which point jurisdiction vested in this court. In somewhat analogous circumstances, this court observed that claims such as those raised in Domberg’s petition require the court to “turn back the appellate clock,” to determine whether an absence of contemporaneous written departure reasons was cognizable error in 1984 when the petitioner was sentenced. See Frazier v. Singletary, 622 So.2d 88 (Fla. 1st DCA 1993). The matter was not settled definitively until 1990, with the issuance of Ree v. State, 565 So.2d 1329 (Fla.1990), holding that written reasons for departure must be produced at the sentencing hearing. The Ree opinion also instructed that the decision applied prospectively only.
In view of the unsettled state of guidelines sentencing law in 1984, particularly with respect to guidelines departure sentences, we conclude petitioner’s appellate lawyers were not outside the range of professionally acceptable representation in failing to challenge the departure sentence on the jurisdictional grounds asserted in Domberg’s petition. A further basis to reject petitioner’s claim of ineffective assistance of appellate counsel is found in State v. Lyles, 576 So.2d 706, 707-708 (Fla.1991), in which the court clarified Ree, stating:
when express oral findings of fact and articulated reasons for the departure are made from the bench and then reduced to writing without substantive change on the same date, the written reasons for the departure sentence are contemporaneous, in accordance with Ree. To adopt a contrary view would be placing form over substance. The ministerial act of filing the written reasons with the clerk on the next business day does not, in our view, prejudice the defendant in any respect.
Although Ree is not applicable to this case, we find the Lyles rationale to be particularly relevant. The sentencing transcript in this case reflects that ten days prior to the sentencing hearing, the state provided petitioner’s trial counsel with a copy of aggravating factors which the state had filed with the trial court as grounds for a departure sentence. The transcript further reflects that the reasons for departure were discussed at sentencing, and implicitly adopted by the trial court when it announced that a departure sentence would be imposed. Since the petitioner was furnished written notice of the aggravating factors well in advance of the sentencing hearing, and was apprised fully of the reasons for departure at the sentencing hearing, we decline to place form over substance for purposes of invoking appellate jurisdiction. We find the departure reasons were contemporaneous with the pronouncement of sentence for purposes of petitioner’s *530 notice of appeal. In essence, the order filed December 3, 1984, setting forth the aggravating factors, was redundant. Since the petitioner was provided with actual written notice of the reasons for departure prior to sentencing, and the transcript reflects the written reasons were referred to by respective counsel at the sentencing hearing, Dom-berg was not prejudiced in the prosecution of his appeal, and his appellate lawyers cannot be viewed as ineffective.
Accordingly, the petition for writ of habeas corpus is denied.
MINER and KAHN, JJ., concur.

. 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).