PER CURIAM.
According to the October 15, 1993, notice of appeal, appellant, Christopher Reinhardt, appeals his sentence rendered October 12, 1993. However, the record in the appeal indicates that appellant was convicted on May 28,1993, of dealing in stolen property in *314 Case No. 92-7910 CFA 02, and robbery with a firearm and aggravated battery with a firearm in Case No. 92-5171 CFB 02, and was sentenced on September 14, 1993 to concurrent sentences of fifteen years; seventeen years and fifteen years, respectively. Therefore, the notice of appeal is directed to the September 14, 1993, sentences.
The public defender has filed a motion to withdraw, along with a brief in support thereof. One of the bases for withdrawal is this court’s lack of jurisdiction predicated on the untimely notice of appeal. The time for appeal from a sentence begins to run immediately from oral pronouncement and signing of the sentence. Fox v. District Court of Appeal, Fourth District, 553 So.2d 161 (Fla.1989). The notice of appeal is untimely as it was filed by the assistant public defender on the 31st day. The untimely filing of the notice of appeal precludes this court from exercising jurisdiction. Peltz v. District Court of Appeal, Third District, 605 So.2d 865 (Fla.1992). Therefore, we sua sponte dismiss the appeal as untimely and deny the pending motion to withdraw as moot. Appellant’s avenue for relief is through a rule 3.850 motion for post-conviction relief filed in the trial court based on trial counsel’s ineffectiveness arising from failure to file a timely notice of appeal. State v. District Court of Appeal of Florida, First District, 569 So.2d 439 (Fla.1990); Viqueira v. Roth, 591 So.2d 1147 (Fla. 3d DCA 1992).
DELL, C.J., and HERSEY and GLICKSTEIN, JJ., concur.