PER CURIAM.
As all parties to this appeal concede that the trial judge did not enter a written order setting forth the reasons for entering a sentence departing from the sentencing guidelines, we remand for entry of the required written order. Fla.R.Crim.P. 3.701(d)11; State v. Jackson, 478 So.2d 1054, 1055 (Fla.1985) (“We approve that part of the district court’s decision directing a written order expressing reasons for departure.... ”); * accord State v. Oden, 478 So.2d 51 (Fla.1985), aff'g 463 So.2d 313, 314 (Fla. 1st DCA 1984). While the trial court’s oral reasons might be supportable under Barbera v. State, 505 So.2d 413 (Fla.1987), we decline to review the reasons for departure until a written order is entered.
Remanded for entry of written reasons for departure.

 overruled on other grounds, Wilkerson v. State, 513 So.2d 664 (Fla.), cert. granted and remanded, 482 U.S. 924, 107 S.Ct. 3206, 96 L.Ed.2d 693 (1987) (under Miller v. Florida 482 U.S. 423, 107 S.Ct. 2446, 96 L.Ed.2d 351 (1987)).