592 So.2d 1100 (1990)
The STATE of Florida, Appellant,
v.
Rhoda SMITH a/K/a Rhoda Magdalene Smith, Appellee.
No. 89-3012.
District Court of Appeal of Florida, Third District.
June 5, 1990.
Robert A. Butterworth, Atty. Gen., and Monique T. Befeler, Asst. Atty. Gen., for appellant.
Bennett H. Brummer, Public Defender, and Marti Rothenberg, Asst. Public Defender, for appellee.
Before COPE, GERSTEN and GODERICH, JJ.
*1101 PER CURIAM.
The trial court's failure to provide contemporaneous written reasons for departure from the sentencing guidelines requires that this cause be remanded for imposition of a sentence within the guidelines with no possibility of departure from the guidelines. See Pope v. State of Florida, 561 So.2d 554 (Fla. 1990). Upon remand, the trial court must sentence the defendant, Rhoda Smith, within the guidelines. However, if the defendant entered her plea of guilty to the child abuse charge as a result of a plea agreement, the defendant should be allowed to withdraw her guilty plea and proceed to trial.
Although we follow Pope, we note that the sentencing at issue in the present case occurred on December 1, 1989, prior to the supreme court's decision in Pope. Pope acknowledges "that in Barbera v. State, 505 So.2d 413 (Fla. 1987), we remanded for resentencing to permit the trial court to specify written reasons for a departure sentence. We recede from Barbera to the extent that it is inconsistent with this opinion." Pope, 561 So.2d at 556. The opinion also acknowledges that the practice in some districts, including this one, has been to remand in order for the trial court to reduce its oral reasons to a written order, id.; see also, e.g., State v. Evans, 554 So.2d 675 (Fla.App. 1990); State v. Gavins, 555 So.2d 933 (Fla.App. 1990); Oden v. State, 463 So.2d 313 (Fla. 1st DCA 1984), aff'd 478 So.2d 51 (Fla. 1985), and Pope effectively overrules those decisions. Although we follow Pope as announced, we certify to the Florida Supreme Court the following question of great public importance:
SHOULD POPE V. STATE BE APPLIED RETROACTIVELY TO SENTENCES IMPOSED PRIOR TO APRIL 26, 1990?
We vacate the current sentence and remand for proceedings consistent herewith.