PER CURIAM.
Herbert Whipple, the defendant, was convicted of purchasing cocaine within 1000 feet of an elementary school. The recom *1102 mended sentencing guideline range was seven to nine years in prison, with a permitted range of five and one-half to twelve years. The defendant entered a plea of “no contest.” However, it is unclear from the record whether the defendant’s plea was entered pursuant to any plea agreement with the trial court.
The trial judge sentenced the defendant to two days in the Dade County Jail and gave him credit for time served. As support for the departure, the trial judge orally stated that the defendant has a drug problem which caused him to be in the situation in which he found himself. The trial judge also expressed the view that the police set up the reverse sting operation in which defendant was ensnared in order to make a third degree felony into a first degree felony. However, the trial judge did not contemporaneously set forth written reasons for the deviation from the guideline sentence.
Because the trial court failed to provide contemporaneous written reasons for the downward departure from the sentencing guidelines, this cause is remanded for imposition of a sentence within the guidelines with no possibility of departure from the guidelines. See Pope v. State of Florida, 561 So.2d 554 (Fla.1990). Upon remand, the trial court is instructed to determine whether the defendant entered his plea of “no contest” in reliance upon a plea agreement that the defendant would receive a sentence of only two days in the county jail. If this is the case, the defendant must be afforded an opportunity to withdraw his plea and proceed to trial.
We recognize that in the instant case, as in the case of State v. Smith, 592 So.2d 1100 (Fla. 3d DCA 1990), the trial judge sentenced the defendant prior to the issuance of the Pope decision, which raises the issue of Pope’s retroactive application. In accord with this court’s decision in Smith, we apply Pope retroactively and certify the following question to the Florida Supreme Court as a question of great public importance:
SHOULD POPE V. STATE BE APPLIED RETROACTIVELY TO SENTENCES IMPOSED PRIOR TO APRIL 26, 1990?
We vacate the current sentence and remand for proceedings consistent herewith.