STONE, Judge.
We affirm Appellant’s conviction of DUI manslaughter but reverse and remand for resentencing.
Although the record supports Appellant’s sentence as a habitual offender, the 20 year sentence exceeds the guideline range. The only written reason supporting an aggravated sentence, Appellant’s drug use, would support a downward deviation but not an aggravation. Cf. Barbera v. State, 505 So.2d 413 (Fla.1987), receded from on other grounds by, Pope v. State, 561 So.2d 554 (Fla.1990) and State v. Smith, 592 So.2d 1100 (Fla. 3d DCA1990). Further, under the statute in effect on September 1988, the date of the offense, habitualization is not a sufficient ground for an upward departure. Winters v. State, 522 So.2d 816 (Fla.1988); Whitehead v. State, 498 So.2d 863 (Fla.1986).
We have reviewed the record as to all other issues raised and find no reversible error or abuse of discretion. However, we briefly comment on a due process issue raised by Appellant.
The State introduced blood test evidence reflecting the presence of alcohol and a significant level of cocaine in the Appellant’s system at the time of the accident. The State’s witness concerning the test results was the licensed toxicologist in charge of the testing lab. The witness’s work was performed with the assistance of licensed technicians.
With respect to the alcohol tests, the lab records reflected which technician performed the various stages of testing as required by statute. The witness was unable to specify with certainty which technician had performed the test for cocaine. However, this inability does not affect the admissibility of the cocaine test, as there is no statutory mandate for drug testing equivalent to that for alcohol. The evidence was admissible since the witnesses' testimony established that the cocaine test was properly administered. He testified that all testing was performed under his direct supervision and that they followed an established protocol. The witness reviewed the readouts and was able to say that the lab procedures were followed. The witness and his assistants, as well as the tested blood, were available for pretrial discovery.
In Houser v. State, 474 So.2d 1193 (Fla.1985), the supreme court upheld the use of testimony concerning chemical analysis of blood even though the State did not preserve the sample. Due process requires preservation of evidence where it is likely to be “significant in the suspect’s defense.” Id. at 1195. The court recognized that the core issue in this regard, absent bad faith, is whether an accused has a “significant opportunity to question the test results.” Id. The court recognized one way of doing so was by examining the technician who performed the test.
We conclude that here Appellant was given sufficient opportunity to question the test results. The blood sample was not destroyed, the lab technicians and the toxicologist were available for questioning, the machines could be tested, the test results were available, and the “fail safe” procedures could be questioned. The defense extensively cross examined the witness who supervised the tests regarding the methods used, issues of reliability, and his analysis of the test results. We can discern no mandate in Houser depriving the trial court of discretion here in weighing these competing considerations. See also Davis v. State, 562 So.2d 431 (Fla. 1st DCA1990).
*72 OWEN, WILLIAM C. Jr., Senior Judge and BRESCHER, GEORGE A., Associate Judge, concur.