483 So.2d 839 (1986)
Christine JOHNSON, a/K/a Christine Rozier, Appellant,
v.
STATE of Florida, Appellee.
No. 84-2778.
District Court of Appeal of Florida, Second District.
February 26, 1986.
James Marion Moorman, Public Defender, and Allyn Giambalvo, Asst. Public Defender, Clearwater, for appellant.
Jim Smith, Atty. Gen., and William E. Taylor, Asst. Atty. Gen., Tampa, for appellee.

REVISED OPINION
FRANK, Judge.
Christine Johnson, appealing from an order sentencing her to a term of imprisonment beyond the guidelines' recommendation, claims error in the trial court's assigning to the state attorney the responsibility to formulate the reasons to be relied upon by it in departing from a presumptive sentence. We agree.
We have had occasion in Carnegie v. State, 473 So.2d 782 (Fla. 2d DCA 1985), and Gaynor v. State, 479 So.2d 246 (Fla. 2d DCA 1985), to condemn this practice as the improper delegation of a function committed exclusively to the judiciary. The state asserts that we cannot consider this issue because it was not preserved for review by a contemporaneous objection. The contention is without merit. The failure to interpose a contemporaneous objection is not fatal in the circumstance where a trial judge deputizes another to fulfill a function mandated by statute to be executed by the judiciary. See Parker v. *840 State, 478 So.2d 823 (Fla. 2d DCA 1985). Section 921.001(6), Florida Statutes, and Rule 3.701(d)(11) of the Florida Rules of Criminal Procedure impose upon the trial court the duty to determine and provide written reasons for departure from the guidelines' recommended sentence, a requirement contemplating more than the mere approval of reasons conceived by the state attorney. We emphasize that our rejection of the procedure followed in this matter does not bar a trial court prior to sentencing from requesting the state, if enhancement is contemplated, or the defense counsel, if mitigation is warranted, to prepare and tender for its consideration grounds supporting departure from the presumptive sentence. Neither does it foreclose the trial court after announcing at sentencing its reasons for departure from directing the appropriate attorney to prepare an order accurately embodying its announced reasons for departure.
Accordingly, we affirm the appellant's conviction but reverse the sentence and remand for resentencing.
RYDER, C.J., and SANDERLIN, J., concur.