505 So.2d 413 (1987)
James Patrick BARBERA, Petitioner,
v.
STATE of Florida, Respondent.
No. 68942.
Supreme Court of Florida.
March 19, 1987.
Rehearing Denied May 6, 1987.
Richard L. Jorandby, Public Defender, Fifteenth Judicial Circuit, and Jeffrey L. Anderson, Asst. Public Defender, West Palm Beach, for petitioner.
Robert A. Butterworth, Jr., Atty. Gen., and Noel A. Pelella, Asst. Atty. Gen., West Palm Beach, for respondent.
McDONALD, Chief Justice.
We have for review State v. Barbera, 487 So.2d 1184 (Fla. 4th DCA 1986), because of conflict with decisions of this Court and the other district courts of appeal. We have jurisdiction. Art. V, § 3(b)(3), Fla. Const. We approve the result reached by the district court, i.e., a remand for resentencing, but we quash that court's opinion.
Barbera pled guilty to the attempted murder of his ex-wife. He had drunk a case of beer prior to stabbing her, and his drunkenness became a central factor in a psychological report filed by the defense. Partly because of this report Barbera agreed to enter an alcoholic treatment program in New York where he would be close to his family and far from his ex-wife. The guidelines recommended a sentence of seven to twelve years. The trial court, however, adopted the defense's alternative sentencing program and sentenced Barbera to 364 days in county jail followed by a ten-year probation conditioned on his attending the New York program. The district court reversed for resentencing, holding that Barbera's alcoholism and drunkenness at the time of the crime did "not constitute a good and sufficient reason for departing downward under the guidelines." 487 So.2d at 1185.
Intoxication and drug dependency have been found not to be clear and convincing reasons for departing upwards from a recommended guidelines sentence. Scurry v. State, 489 So.2d 25 (Fla. 1986); Vance v. State, 475 So.2d 1362 (Fla. 5th DCA 1985). We do not, however, agree with the district court that intoxication or substance abuse cannot be a clear and convincing reason for a downward departure. The defense of intoxication could be used by a jury to justify convicting a defendant *414 of a lesser offense. If a trial court expresses valid reasons for doing so, we see no impediment to using intoxication to mitigate a recommended sentence. We therefore quash the district court's opinion.
We approve the remand for resentencing, however, because the trial court did not provide written reasons for departure as required by the sentencing guidelines. Fla.R.Crim.P. 3.701 d. 11. The following colloquy occurred at Barbera's sentencing:
MR. NEWHALL [assistant state attorney]:  let me just ask you if you would state on the record your reasons for going below the guidelines in this case.
THE COURT: They are contained in Dr. Townsend's written report.
MR. NEWHALL: Judge, I'd just ask this: If you are going to  I'm objecting to you going below the guidelines. The guidelines call for seven to twelve years, and I'll prepare a guideline sheet, show it to Ms. Grant [assistant public defender] and submit it to the Clerk so it can be part of the Court file.
THE COURT: Yes, sir.
MR. NEWHALL: What I'm afraid of is I don't want Ms. Grant writing an order containing every possible reason for going below the guidelines and submitting it to you for your signature.
THE COURT: We'll have another hearing 
MS. GRANT: Judge 
THE COURT:  on the order that Ms. Grant submits to the Court.
MS. GRANT: Judge, I'm just suggesting that as your reasons for going below the guidelines you just adopt the complete alternative sentencing plan 
THE COURT: I will do so.
MS. GRANT:  as your written order.
Rather than writing out his reasons for departing from the recommended sentence, the trial judge adopted the defense's alternative sentencing plan.
The guidelines requirement of written reasons for departure encourages trial judges to make sentencing a thoughtful procedure. State v. Jackson, 478 So.2d 1054 (Fla. 1985). Additionally, the formulation of reasons for departure is "a function committed exclusively to the judiciary." Johnson v. State, 483 So.2d 839, 839 (Fla. 2d DCA 1986). That function must be performed by the trial judge and cannot be delegated to others. See id. at 840; Wilson v. State, 485 So.2d 42 (Fla. 5th DCA 1986).
Although the trial judge appears to have given Barbera's sentencing a thoughtful consideration, he accepted someone else's reasons for departure and did not, himself, express those reasons in an appropriate manner. Presumably, the reasons in the alternative sentencing plan are adequate and, if properly articulated by the trial judge, could be the predicate for a downward departure. In its present form, however, an appellate court would have to search the record to find the trial judge's reasons for departure. This should not be necessary and is one of the reasons why trial courts are required to file written reasons for departure. State v. Jackson. We therefore agree with the district court that this case must be remanded for resentencing so that the trial judge can write out his specific reasons for departure.
It is so ordered.
OVERTON, EHRLICH, BARKETT, GRIMES and KOGAN, JJ., concur.
SHAW, J., concurs in result only.