551 So.2d 600 (1989)
STATE of Florida, Appellant,
v.
Doris Ann MARTIN, Appellee.
No. 89-0698.
District Court of Appeal of Florida, Fourth District.
November 8, 1989.
*601 Robert A. Butterworth, Atty. Gen., Tallahassee and Miles Ferris, Asst. Atty. Gen., West Palm Beach, for appellant.
Richard L. Jorandby, Public Defender and Marcy K. Allen, Asst. Public Defender, West Palm Beach, for appellee.
LETTS, Judge.
The state appeals the trial court's judgment and sentence, claiming that the written reason for its downward departure was insufficient. We affirm.
In departing downwards, the trial judge wrote on the scoresheet "Barbera decision." The state contends that this cryptic notation was lacking in specificity. We disagree.
Our supreme court has told us in no uncertain terms that departures from the guidelines must be accompanied by written reasons. State v. Jackson, 478 So.2d 1054 (Fla. 1985). On every sentencing scoresheet, there is a five-line space entitled "Reasons for departure." We have held that if the judge states his reasons for departure on the scoresheet in writing, that will suffice without the necessity of a separate written order. Boynton v. State, 473 So.2d 703, 707 (Fla. 4th DCA 1985).
Applying the above law to the case at bar, the record contains a scoresheet and it has the appropriate space entitled: "Reasons for departure." In that space, to explain his downward departure, Judge Franza wrote: "Barbera Decision." The transcript of the sentencing hearing is replete with discussion about the defendant being a drug addict and needing help. At one point, the court announced:
I am going below the guidelines because of Barbera.
These repeated references to Barbera are unquestionably addressed to the supreme court decision of Barbera v. State, 505 So.2d 413 (Fla. 1987). That decision addressed itself exclusively to the very problem now before us; that is, the upholding of a downward departure because of a drug dependency.
This is not a defendant claiming some deprivation of his rights. This appeal is taken by the state which merely advocates remand for resentencing without even arguing that it should be within the guidelines. Such would be an exercise in futility.
Had Judge Franza quoted the "Smith case" or the "Jones case" we would agree that reference to such common names, found ad nauseam in West's Florida Table of Cases, 37 Fla. Dig.2d 1985, would be insufficient without a citation to the Southern Reporter. However, there is only one Barbera cited in the Table of Cases and on Westlaw and while we would feel more comfortable had a citation been included, we nevertheless hold that the written reason given was, in this instance, sufficient.
AFFIRMED.
WARNER and GARRETT, JJ., concur.