561 So.2d 554 (1990)
Daniel Joseph POPE, Petitioner,
v.
STATE of Florida, Respondent.
No. 74163.
Supreme Court of Florida.
April 26, 1990.
Rehearing Denied June 27, 1990.
*555 James B. Gibson, Public Defender, James R. Wulchak, Chief, Appellate Div., and Larry B. Henderson, Asst. Public Defender, Daytona Beach, for petitioner.
Robert A. Butterworth, Atty. Gen., Kellie A. Nielan and Bonnie Jean Parrish, Asst. Attys. Gen., Daytona Beach, for respondent.

CORRECTED OPINION
BARKETT, Justice.
We have for review Pope v. State, 542 So.2d 423 (Fla. 5th DCA 1989), based upon express and direct conflict with Crigler v. State, 526 So.2d 176 (Fla. 2d DCA 1988), and numerous other decisions of the district courts.[1] We quash the district court's decision in Pope and approve the decision in Crigler.
Pope was found guilty of violating community control. The recommended guidelines sentence, after considering the one-cell increase for that violation, ranged from community control to twelve-to-thirty months' incarceration. Instead, the trial court imposed a departure sentence of two concurrent five-year terms of imprisonment, followed by two years' community control. At the sentencing hearing, the trial court orally gave reasons for the departure sentence, but did not provide reasons in writing pursuant to the requirements of Florida Rule of Criminal Procedure 3.701(d)(11). That rule provides:
Any sentence outside the permitted guideline range must be accompanied by a written statement delineating the reasons for the departure.
The district court correctly vacated the sentence due to the trial court's failure to provide written reasons. State v. Jackson, 478 So.2d 1054, 1055 (Fla. 1985), receded from on other grounds, Wilkerson v. State, 513 So.2d 664 (Fla. 1987); Fla.R. Crim.P. 3.701(d)(11). The district court remanded, giving the trial court the opportunity to provide written reasons justifying the departure when it resentences Pope.
Pope contends that Jackson and Shull v. Dugger, 515 So.2d 748 (Fla. 1987), compelled the district court to remand only for imposition of a sentence within the guidelines, thereby prohibiting a departure in resentencing. We agree.
In Jackson, this Court recognized that compliance with rule 3.701(d)(11) promotes a more meaningful and expeditious appellate review. Jackson, 478 So.2d at 1055-56. The failure of trial courts to provide written reasons inappropriately requires appellate courts to cull through the sometimes extensive sentencing colloquy in search of "reasons" supporting departure, thereby making possible results that are *556 imprecise and unintended by the trial court. Id. at 1056.
After Jackson, when a trial court failed to provide written reasons, some district courts remanded for resentencing within the guidelines,[2] while others remanded to permit the trial court to depart from the guidelines again after providing written reasons.[3]
In Shull we held that, upon remand, a sentencing judge would not be permitted to provide new reasons for departure when the initial reasons had been reversed by an appellate court. Shull, 515 So.2d at 750. To avoid multiple appeals, multiple resentencings, and unwarranted efforts to justify an original departure, a sentencing judge could impose only a sentence within the guidelines when resentencing a defendant on remand. Id.
Effectively, Jackson and Shull both determined that at the point of remand no valid reasons for departure existed under the rule. Jackson said oral reasons were invalid and required resentencing. Shull said invalid reasons, even if written, must be remanded only for a guidelines sentence.
Applying the principles of Jackson and Shull, and for the same policy reasons, we hold that when an appellate court reverses a departure sentence because there were no written reasons, the court must remand for resentencing with no possibility of departure from the guidelines.
Although this issue was not the primary focus of the appeal, we recognize that in Barbera v. State, 505 So.2d 413 (Fla. 1987), we remanded for resentencing to permit the trial court to specify written reasons for a departure sentence. We recede from Barbera to the extent that it is inconsistent with this opinion.
We quash the opinion of the district court and remand for proceedings consistent herewith.
It is so ordered.
EHRLICH, C.J., and OVERTON, McDONALD and KOGAN, JJ., concur.
GRIMES, J., concurs with an opinion, in which SHAW, J., concurs.
SHAW, J., concurs in result only with an opinion, in which GRIMES, J., concurs.
GRIMES, Justice, concurring.
At the time this Court decided State v. Jackson, 478 So.2d 1054 (Fla. 1985), receded from on other grounds, Wilkerson v. State, 513 So.2d 664 (Fla. 1987), the majority of the district courts of appeal had approved guideline departures unaccompanied by a written statement so long as the reasons for departure were adequately set forth in the sentencing colloquy. Therefore, if this sentence had been imposed prior to Jackson, I would authorize the trial court upon remand to impose a departure sentence by setting forth in the requisite written statement the same reasons given for departure at sentencing.
Because Pope's sentence was not imposed until 1988, I am willing to apply the principle of Shull v. Dugger, 515 So.2d 748 (Fla. 1987), to preclude the trial court from reimposing a sentence beyond the guidelines. Otherwise, there would be no practical way to insure that trial judges would employ the necessary written statement in imposing departure sentences. I point out, however, that departure sentences which have become final that were reimposed after remand for initially failing to provide written statements will not be subject to *557 collateral attack. See McCuiston v. State, 534 So.2d 1144 (Fla. 1988).
SHAW, J., concurs.
SHAW, Justice, concurring in result only.
I write to clarify what I see as a discrepancy in the majority opinion. The majority cites State v. Jackson, 478 So.2d 1054 (Fla. 1985), receded from on other grounds, Wilkerson v. State, 513 So.2d 664 (Fla. 1987), to support its conclusion that oral reasons for departure cannot be converted into written form on remand. A close reading of Jackson, however, reveals that we apparently reached a contrary conclusion there: We approved "that part of the district court's decision directing a written order expressing reasons for departure" on remand.[*]Id. at 1055. Thus, without expressly saying so, the instant opinion recedes from Jackson as well as Barbera v. State, 505 So.2d 413 (Fla. 1987). I nevertheless agree with the present result and point out that it is consistent with our decision in Stewart v. State, 549 So.2d 171 (Fla. 1989), wherein we ruled that if a trial court fails to give contemporaneous written reasons for imposing the death penalty, no reasons may be provided on remand.
GRIMES, J., concurs.
NOTES
[1] We have jurisdiction. Art. V, § 3(b)(3), Fla. Const.
[2] See, e.g., Rangel v. State, 532 So.2d 84 (Fla. 3d DCA 1988); Jenkins v. State, 528 So.2d 527 (Fla. 2d DCA 1988); Martinez v. State, 526 So.2d 1080 (Fla. 2d DCA 1988); Crigler v. State, 526 So.2d 176 (Fla. 2d DCA 1988); Nichols v. State, 521 So.2d 372 (Fla. 2d DCA 1988); Jones v. State, 502 So.2d 1375 (Fla. 4th DCA 1987).
[3] See, e.g., State v. Simmons, 539 So.2d 40 (Fla. 3d DCA 1989); State v. Ohler, 539 So.2d 38 (Fla. 3d DCA 1989); State v. Alvarez, 538 So.2d 956 (Fla.3d DCA 1989); State v. Charles, 537 So.2d 1136 (Fla. 3d DCA 1989); State v. Richardson, 536 So.2d 1193 (Fla. 4th DCA 1989).
[*] See also Jackson v. State, 454 So.2d 691, 693 (Fla. 1st DCA 1984), for the district court's holding: "[W]e hold that upon remand, appellant shall be entitled to be resentenced under [an earlier version of] the guidelines... . We also concur in the Carter [v. State, 452 So.2d 953 (Fla. 5th DCA 1984)] court's observation that a violation of probation may justify departure from the presumptive sentence established in the guidelines provided the basis for the departure is stated in writing... ."