PER CURIAM.
According to the applicable law at the time of appellant’s sentencing, in order for it to depart from the recommended range, the trial court had to give written reasons for its departure. Fla.R.Crim.P. 3.701(d)(ll) (1987).
The state argues, however, that because the trial court explained on the record that the departure was due to the nature of the offense being shocking and inhumane, the instant case should be remanded with direction for the trial court to reduce the reasons to written form. Oral pronouncements are insufficient to justify departure. State v. Jackson, 478 So.2d 1054, 1055 (Fla.1985), receded from on other grounds, Wilkerson v. State, 513 So.2d 664 (Fla.1987). When the appellate court reverses a departure sentence because the trial court failed to provide written reasons, the appellate court must generally remand for resentencing within the guidelines. Pope v. State, 561 So.2d 554, 556 (Fla.1990). Remanding to allow the trial *891 court to provide written reasons justifying departure is not permitted when the trial court realized it was departing. Id. However, if the trial court did not realize it was departing, it must be allowed to consider on remand whether departure is appropriate and, if so, to set forth valid reasons for departure. State v. Betancourt, 552 So.2d 1107, 1108 (Fla.1989). The record reveals that the trial court thought it was exercising discretion in moving up a guideline cell. Because it did not realize it was departing, we reverse and remand. Any departure must be based on valid written reasons.
The state acknowledges error in the judgment of conviction for the count of aggravated battery which count the court had dismissed. Accordingly, on remand the judgment is to be corrected.
HERSEY, C.J., and GLICKSTEIN and POLEN, JJ., concur.