570 So.2d 424 (1990)
Rafael FONSECA, Appellant,
v.
The STATE of Florida, Appellee.
No. 89-2541.
District Court of Appeal of Florida, Third District.
November 27, 1990.
*425 Bennett H. Brummer, Public Defender, and Robert Burke, Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Charles M. Fahlbusch, Asst. Atty. Gen., for appellee.
Before JORGENSON, LEVY and GODERICH, JJ.
PER CURIAM.
The defendant, Rafael Fonseca, appeals his convictions and sentences for second-degree murder with a firearm and possession of a firearm while engaged in a criminal offense. We reverse in part, affirm in part and remand.
The defendant contends, and the State properly concedes, that the trial court erred in entering convictions for both second-degree murder with a firearm and unlawful possession of a firearm while engaged in a criminal offense. See Carawan v. State, 515 So.2d 161 (Fla. 1987). Accordingly, the defendant's conviction for unlawful possession of a firearm while engaged in a criminal offense is reversed.
Additionally, the trial court erred in departing from the sentencing guidelines without providing written reasons. See Pope v. State, 561 So.2d 554 (Fla. 1990). Accordingly, this cause is remanded for imposition of a sentence within the sentencing guidelines.
As in State v. Smith (Fla. 3d DCA case no. 89-3012, opinion filed June 5, 1990) [15 F.L.W. D1520], and State v. Whipple (Fla. 3d DCA case no. 89-2606, opinion filed July 24, 1990) [15 F.L.W. D 1916], we recognize that the defendant was sentenced prior to the issuance of the Pope decision. Since we are applying Pope retroactively, we certify the following question to the Supreme Court of Florida as a question of great public importance:
SHOULD POPE V. STATE BE APPLIED RETROACTIVELY TO SENTENCES IMPOSED PRIOR TO APRIL 26, 1990?
The defendant's remaining points raised on appeal lack merit.
Affirmed in part, reversed in part and remanded.