PER CURIAM.
The state appeals a downward departure from the sentencing guidelines.
In Barbera v. State, 505 So.2d 413 (Fla. 1987), receded from on other grounds, Pope v. State, 561 So.2d 554 (Fla.1990), the supreme court recognized that intoxication or substance abuse can justify a downward departure from the recommended sentencing guidelines, stating:
We do not ... agree with the district court that intoxication or substance abuse cannot be a clear and convincing reason for a downward departure. The defense of intoxication could be used by a jury to justify convicting a defendant of a lesser offense. If a trial court expresses valid reasons for doing so, we see no impediment to using intoxication to mitigate a recommended sentence.
Id. at 413-14 (emphasis added).
The state argues that appellee’s self-serving testimony alone was insufficient under Barbera to establish his cocaine dependency and use of cocaine at the time he committed the offense. Rather, the state contends, Barbera requires that corroborating testimony, such as expert medical testimony, be introduced before intoxication or substance abuse will mitigate a recommended sentence. In support of its argument, the state relies upon cases from the second district, including State v. Herrin, 555 So.2d 1288 (Fla. 2d DCA 1990), which it argues stands for the proposition that corroborating expert medical testimony is needed before Barbera can apply. However, while not addressing the issue of whether expert testimony is required to prove a defendant’s substance abuse at the time of the offense, the supreme court has recently vacated the second district’s opinion in Herrin. Herrin v. State, 568 So.2d 920 (Fla.1990).
Accordingly, this court finds the state’s restricted interpretation of Barbera unpersuasive. See, e.g., State v. Joseph, 543 So.2d 405 (Fla. 4th DCA 1989); State v. Martin, 551 So.2d 600 (Fla. 4th DCA 1989).
AFFIRMED.
HERSEY, C.J., and GLICKSTEIN and POLEN, JJ., concur.