573 So.2d 1022 (1991)
Timothy DAY, Appellant,
v.
STATE of Florida, Appellee.
No. 89-01267.
District Court of Appeal of Florida, Second District.
February 1, 1991.
*1023 James Marion Moorman, Public Defender, Bartow, and Wendy E. Friedberg, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Brenda S. Taylor, Asst. Atty. Gen., Tampa, for appellee.
PARKER, Judge.
Timothy Day, who was convicted of racketeering and sixteen counts of robbery, appeals guidelines departure sentences of twelve consecutive life terms and two consecutive thirty year terms. We reverse.
This is Day's second appeal to this court in this matter. On February 1, 1989, this court issued a mandate requiring a resentencing hearing on the ground that Day acting by himself did not constitute an "enterprise" as defined by section 895.02(3), Florida Statutes (1985).[1] Upon remand, the trial court imposed the sentences which Day now appeals; those sentences depart from the recommended guidelines range of twenty-two to twenty-seven years' imprisonment.
At the time of resentencing, the trial court provided no contemporaneous written reasons for departure. In Pope v. State, 561 So.2d 554 (Fla. 1990), our supreme court, relying upon its earlier decisions in State v. Jackson, 478 So.2d 1054 (Fla. 1985), receded from on other grounds, Wilkerson v. State, 513 So.2d 664 (Fla. 1987), and Shull v. Dugger, 515 So.2d 748 (Fla. 1987), held that where the trial court fails to provide written reasons for departure, the appellate court must remand for resentencing within the guidelines. Since Day's sentences were imposed before Pope, the state argues that Pope should only be applied prospectively. We disagree and join with the Third District Court which has concluded that Pope should apply retroactively. See Fonseca v. State, 570 So.2d 424 (Fla. 3d DCA 1990).
Reversed and remanded with directions to impose a guidelines sentence.
SCHOONOVER, C.J., and PATTERSON, J., concur.
NOTES
[1] See Day v. State, 541 So.2d 1202 (Fla. 2d DCA 1988), review denied, 545 So.2d 869 (Fla. 1989).