STONE, Judge.
We affirm appellant’s conviction and sentence. We have considered Pope v. State, 561 So.2d 554 (Fla.1990), but deem it inapplicable. In 1984 appellant received a departure sentence without written reasons. That sentence was reversed in 1988, this court noting that on remand the appellant was to be sentenced within the guidelines or the trial court should set out reasons for departure in writing. Sapp v. State, 522 So.2d 1006 (Fla. 4th DCA 1988) (Sapp I). In a subsequent appeal following resen-tencing this court reversed the sentence, holding two of three written reasons for departure invalid, and remanded for resen-tencing in accordance with Albritton v. State, 476 So.2d 158 (Fla.1985). Sapp v. State, 543 So.2d 400 (Fla. 4th DCA 1989) (Sapp II). Upon resentencing the trial court departed, in writing, on the ground previously upheld.
Sapp now claims that since his first sentence (Sapp I) was reversed because the trial court failed to put departure reasons in writing, he must now be sentenced within the guidelines, following Pope v. State, 561 So.2d 554 (Fla.1990). See State v. Smith, 15 F.L.W. 1520, — So.2d-(Fla. 3d DCA June 5, 1990).
We note that in Pope, Justice Grimes, concurring at 556, stated, “[Departure sentences which have become final that were reimposed after remand for initially failing to provide written statements will not be subject to collateral attack.” We conclude that appellant may not utilize the subsequent opinion in Pope v. State to readdress, here in Sapp III, this court’s decision in Sapp II, where at the time of remand there was a valid written reason for departure. Cf. Owens v. State, 563 So.2d 180 (Fla. 1st DCA 1990).
Therefore, the judgment and sentence are affirmed.
WARNER, J., and WALDEN, JAMES H., (Retired) Associate Judge, concur.