PER CURIAM.
Defendant appeals his sentence of two consecutive fifteen year terms on cocaine trafficking and related convictions. The defendant’s guidelines sentence scored out to a minimum mandatory term of fifteen years or to a guidelines sentence of twelve to seventeen years. The trial judge sentenced defendant to a total of thirty years, stating at the bottom of the guidelines score sheet that written reasons for depar *147 ture would be submitted by separate order. However, no written reasons were ever entered.
We vacate the sentence based on Pope v. State, 561 So.2d 554 (Fla.1990), which held that in the absence of a written departure order, the case is to be remanded for resen-tencing of the defendant within the guidelines. We recognize that the sentencing here occurred on May 2, 1988, which was before Pope was announced and before the related case of Ree v. State, 565 So.2d 1329 (Fla.1990), was handed down. This court has held that Pope applies retroactively, but has consistently certified the question. See Fonseca v. State, 570 So.2d 424 (Fla. 3d DCA 1990); Perez v. State, 566 So.2d 881 (Fla. 3d DCA 1990). We again certify the question of whether Pope should be applied retroactively.
Accordingly, we remand for sentencing within the guidelines but stay the mandate pending the supreme court’s answer of the certified question.