THREADGILL, Judge.
The appellant challenges his sentence for burglary and grand theft, alleging that the trial court erred in exceeding the sentencing guidelines without giving written reasons for the departure. We agree and reverse.
The appellant pled no contest to burglary and grand theft, and was sentenced to two years’ community control. The appellant violated his community control, and upon revocation was sentenced to five years’ imprisonment on each offense, with the sentences to run consecutively. Taking into consideration the discretionary one cell increase for the violation of community control, the appellant’s recommended guidelines sentence ranged from five and one-half to seven years in prison, with a permitted range of four and one-half to nine years.
Florida Rule of Criminal Procedure 3.701(d)(12) provides: “A sentence must be imposed for each offense. However, the total sentence cannot exceed the total guideline sentence unless a written reason is given.” The sentence imposed against the appellant clearly exceeds the sentence recommended, or even permitted, under the guidelines. Accordingly, it was required that the sentence be accompanied by a written statement delineating the reasons for departure. Fla.R.Crim.P. 3.701(d)(ll); see also State v. Jackson, 478 So.2d 1054, 1055 (Fla.1985), receded from on other grounds, Wilkerson v. State, 513 So.2d 664 (Fla.1987).
Because the trial court failed to set forth written reasons for departure, we reverse the sentence and remand for resentencing within the guidelines. Pope v. State, 561 So.2d 554, 556 (Fla.1990).
Reversed and remanded.
DANAHY, A.C.J., and CASE, JAMES R., Associate Judge, concur.