PER CURIAM.
We affirm appellant’s convictions. In doing so, we specifically reject on the authority of Ferguson v. State, 533 So.2d 763 (Fla.1988), and Faison v. State, 426 So.2d 963 (Fla.1983), appellant’s contention that the trial court erred in denying his motion for acquittal on the kidnapping count.
Appellant was declared a habitual offender under the provisions of section 775.-084(3), Florida Statutes (1987). The 1987 version of the statute required the trial court to make an express finding, as a predicate to habitualization, that an extended term of incarceration was necessary for the protection of the public. Eutsey v. State, 383 So.2d 219 (Fla.1980). See also Walker v. State, 462 So.2d 452 (Fla.1985). The findings need not be written; it is sufficient if they appear in the transcript of the habitualization hearing. Parker v. State, 546 So.2d 727 (Fla.1989); Eutsey, 383 So.2d at 226 (citing King v. State, 369 So.2d 1031 (Fla. 4th DCA 1979)). We find the oral reasons contained in the transcript sufficient for habitualization, and we affirm on that basis. However, the written order is defective in that it resulted from an inappropriate delegation of the responsibility of the trial court to make these findings. Barbera v. State, 505 So.2d 413, 414 (Fla.1987) (quoting Johnson v. State, 483 So.2d 839 (Fla. 2d DCA 1986)), receded from on other grounds, Pope v. State, 561 So.2d 554 (Fla.1990).
Appellant’s sentence constitutes an upward departure from the guidelines. The prosecutor prepared the order containing reasons for the departure, but added his own findings to those made by the trial judge. The judge signed and rendered the order two weeks after the sentencing hearing. The order presents several problems. First, we do not find here the complete and therefore unauthorized delegation of authority condemned in Barbera and Johnson that we found in the written habituali-zation findings. Thus, but for another and fatal deficiency, we simply would excise from the order those findings added by the prosecutor and then consider whether the remaining reasons, those articulated by the trial court, warranted the upward departure. Simmons v. State, 496 So.2d 911 (Fla. 2d DCA 1986). Our opinion in Mulligan v. State, 566 So.2d 76 (Fla. 4th DCA 1990), condemning the wholesale delegation of responsibility to make the necessary findings, should not be interpreted as holding that an order including more than the reasons articulated by the trial court is thereby rendered entirely invalid.
The fatal flaw, however, is the tardy rendition of the order setting out the reasons for the upward departure. The requirement that the written order be rendered contemporaneously with the sentencing hearing is now well settled. Ree v. State, 512 So.2d 1085 (Fla. 4th DCA 1987), quashed but rule adopted, 565 So.2d 1329, 1331 (Fla.1990). The general rule is that where a departure sentence is reversed because it is not supported by written reasons, the trial court must resentence within the guidelines. Pope v. State, 561 So.2d 554 (Fla.1990).
Moreover, the Florida Supreme Court has recently held in Owens v. State, 598 So.2d 64 (Fla.1992), that when a departure sentence is reversed due to the trial court’s failure to provide contemporaneous reasons in accordance with Ree, the rule in Pope applies and the trial court cannot depart from the guidelines on remand. Because Ree and Pope are applicable to the instant case, we reverse appellant’s sentence and remand this case to the trial court for resentencing with no possibility of departure from the guidelines. See Pope, 561 So.2d at 556. See also Stanford v. State, 576 So.2d 737, 741 (Fla. 4th DCA), rev. denied, 587 So.2d 1329 (Fla.1991).
Finally, we note that the judgment indicates that appellant was convicted of “Kidnapping (Armed)” which the state concedes is error. Similarly, the state concedes the reference to “Robbery (Armed)” is error. Both errors should be corrected upon remand.
*721 AFFIRMED IN PART; REVERSED IN PART; REMANDED.
HERSEY, and STONE, JJ., and OWEN, WILLIAM C., Senior Judge, concur.