PER CURIAM.
We affirm. The record in this case explicitly demonstrates that the trial court deviated from the guidelines on the authority of Barbera v. State, 505 So.2d 413 (Fla.1987), a case in which the Florida Supreme Court approved drug addiction as a proper ground for deviating from the sentencing guidelines. In fact, the transcript of the change of plea hearing reflects that the state was the party that suggested the use of Barbera. After an extensive discussion of the defendant’s successful partic *500 ipation in a drug rehabilitation program, the court indicated it wanted to give him an opportunity to reform and stay out of prison. The state responded:
THE COURT: He’s been working on a program, State. Do you want to work out a plea with him?
MR. CAPUTO [for the state]: It would have to be a Barbara [sic] plea, Judge. THE DEFENDANT: Your Honor, I’m working and I’m going to BARC.
MS. KEATING [for the defense]: Well, I can ask the questions that are required for a Barbara [sic] motion if you would be willing to do that, Judge.
[[Image here]]
MR. CAPUTO: Why don’t you just take the plea today and do the sentence about March 1st?
MS KEATING: I don’t know. I’m worried about that in terms of — I want it all done at the same time so there isn’t any question.
MR. CAPUTO: I’m just trying to help.
The sentencing guidelines scoresheet, including the portion that was supposed to reflect the trial court’s reasons for departure was also prepared by the state, and should have contained a reference to Barb-era. In such circumstances, it has been held that the state cannot subsequently claim that the trial court erred in deviating from the guidelines without written reasons. Smith v. State, 598 So.2d 1063 (Fla.1992); State v. Salley, 601 So.2d 309 (Fla. 4th DCA 1992).
This case is a good example of the waste of appellate resources. Initially, the state’s representative at trial, being obviously aware of the trial court’s reason for departure (since he called it to the trial court’s attention), should have placed the reason in the proper place when he prepared the sentencing guideline scoresheet. Next, being obviously aware of the supreme court’s decision in Barbera approving such departure sentences, the state’s decision to appeal the judge’s action is puzzling. Of course, defense counsel is also at fault for not being certain that the score-sheet contained the court’s reason for deviation. All of this is topped by the state ignoring all of the above in its appellate presentations.
AFFIRMED.
ANSTEAD and GUNTHER, JJ„ concur.
HERSEY, J., concurs in result only.