610 So.2d 572 (1992)
STATE of Florida, Appellant,
v.
Brian K. TRASTER, Appellee.
No. 91-2947.
District Court of Appeal of Florida, Fourth District.
December 9, 1992.
*573 Robert A. Butterworth, Atty. Gen., Tallahassee, and Sarah B. Mayer, Asst. Atty. Gen., West Palm Beach, for appellant.
Richard L. Jorandby, Public Defender, and Tanja Ostapoff, Asst. Public Defender, West Palm Beach, for appellee.
PER CURIAM.
The state seeks review of a sentencing order that departs downward from the sentencing guidelines. We affirm.
Appellee Brian K. Traster was charged with committing strong armed robbery on March 9, 1990, in violation of subsections 812.13(1) and (2)(c), Florida Statutes. He expressed a desire to plead and the court held four hearings regarding this request.
Appellee testified that he had been taking steroids at the time of the crime, which he believed had made him aggressive. Appellee had voluntarily undergone counseling with Dr. Brannon, clinical director of a substance abuse facility. Dr. Brannon is a clinical psychologist with a degree in psychopharmacology. Dr. Brannon testified that the incident was an isolated one historically and psychologically in appellee's life, that his testing of appellee revealed no history of aggressive or impulsive behavior and that he felt that appellee was unlikely to repeat his conduct of ingesting steroids. His opinion was based upon what appellee had told him, and not on any independent knowledge.
Dr. Brannon further testified that anabolic steroids are very addictive and produce behavioral results such as aggression and depression (known as "steroid intoxication syndrome"), that taking steroids might cause a person to do things he would not otherwise do, and that in his opinion, if appellee was consuming steroids at the time of the incident, then his behavior was attributable to the steroids.[1]
At the fourth and final hearing, appellee provided the court with letters from three groups to whom appellee spoke regarding the dangers of steroid use and a letter from a coach of the Parks and Recreation Department in appellee's community, thanking appellee for his help in coaching the youngsters in that program. The trial court stated that it had heard the testimony of a psychiatrist that the use of steroids could influence behavior just as alcohol and other drugs do, and that various articles had been entered into evidence to support the psychiatrist's opinion. Thus, the court was of the opinion that Barbera v. State, 505 So.2d 413 (Fla. 1987), receded from on other grounds, Pope v. State, 561 So.2d 554 (Fla. 1990), applied. The trial court also found that appellee was amenable to rehabilitation, and incorporated enrollment in a treatment program as part of appellee's probation. Appellee's guidelines scoresheet provided for a recommended sentence of three and one-half to four and one-half years within a permitted range of two and one-half to five and one-half years of incarceration. The court signed a written order departing downward from the sentencing guidelines based on appellee's addiction to steroids. The court withheld adjudication of appellee and sentenced him to four and one-half years of reporting probation and participation in a drug program of the probation officer's choosing.
We interpret the appropriate function for an appellate court in a sentencing guidelines *574 case to review the reasons provided to support the departure and to determine whether the trial court abused its discretion in finding "circumstances or factors which reasonably justify aggravating or mitigating the sentence." Fla.R.Crim.P. 3.701(b)(6) and (d)(11); In re Sentencing Guidelines, 522 So.2d 374, 376, 377-378 (Fla. 1988). We acknowledge that the statutorily provided standard of proof for facts supporting departure reasons in this case is "a preponderance of evidence." Fla. R.Crim.P. 3.701(b)(6).
The trial court has essentially given three reasons for departure: (A) Mr. Traster's addiction to steroids caused him to commit the offense (reasons # 1 and # 3), (B) he is motivated to be rehabilitated and has sought rehabilitation (# 4), and (C) since the crime, he has made restitution to the victim and has contributed positively to the community (# 2). Before examining the trial court's reasons for departure, we note that only one reason need withstand appellate scrutiny for the departure to be upheld. § 921.001(5), Fla. Stat. (1987); accord State v. Forbes, 536 So.2d 356 (Fla. 3d DCA 1988).
In Barbera v. State, 505 So.2d 413 (Fla. 1987), receded from on other grounds, Pope v. State, 561 So.2d 554 (Fla. 1990), the Florida Supreme Court announced that "[i]f a trial court expresses valid reasons for doing so, we see no impediment to using intoxication to mitigate a recommended sentence." Id. at 414. This standard has also been interpreted to include drug use as a valid ground for departure. See State v. Baxter, 581 So.2d 937 (Fla. 4th DCA 1991); State v. Joseph, 543 So.2d 405 (Fla. 4th DCA 1989). Based upon the unrefuted testimony of Dr. Brannon the trial court concluded that steroids can affect behavior and thus fall into the same category as drugs and alcohol for departure purposes. Moreover, Mr. Traster's testimony alone is legally sufficient to support the trial court's finding. State v. Johnson, 573 So.2d 127, 128 (Fla. 4th DCA 1991). A defendant is not required to prove his drug addiction by expert testimony to support a downward departure. State v. Stutsman, 566 So.2d 880 (Fla. 3d DCA 1990). The trial court's finding that appellee was under the influence of steroids at the time of the crime is supported by a preponderance of the evidence.
We also find that the evidence supports the trial court's finding regarding Mr. Traster's amenability to rehabilitation. This in itself can be a valid reason for departure, regardless of whether the substance abuse caused the defendant to commit the crime, provided there is a reasonable possibility that rehabilitation will be successful. See Herrin v. State, 568 So.2d 920, 922 (Fla. 1990).[2] Appellant voluntarily sought counseling from Dr. Brannon prior to sentencing. Additionally, he stated his willingness to participate in a treatment program, which became part of appellee's probation.
We find that the reasons for departure the trial court provided were reasonably justified by the circumstances of this case and that the facts supporting the departure are supported by a preponderance of the evidence. We therefore affirm.
WARNER and POLEN, JJ., concur.
LETTS, J., concurs in result only.
NOTES
[1] At the second hearing, the court ordered appellee to make restitution and to seek psychological help. At the third hearing, the court postponed sentencing for ninety days and suggested that appellee exhibit "exemplary" behavior until then.
[2] The trial court found that Mr. Traster was amenable to rehabilitation and that his steroid addiction caused him to commit the crime. As these findings were proven by a preponderance of the evidence, the departure can be sustained under both Barbera and Herrin.