OWEN, WILLIAM C., Jr.,
Senior Judge, dissenting:
From a reading of the transcripts of the several sentencing hearings of appellee, a thrice-convicted robber, one could fairly discern that a conscientious trial judge had reached the conclusion (even though never expressly articulated as a finding) appellee was a substance abuser amenable to rehabilitation. That would be a valid reason for a downward departure from the sentencing guidelines. Herrin v. State, 568 So.2d 920 (Fla.1990); Barbera v. State, 505 So.2d 413 (Fla.1987), receded from on other grounds, Pope v. State, 561 So.2d 554 (Fla.1990). But, even with the liberality allowed in State v. Sally, 601 So.2d 309 (Fla. 4th DCA 1992), I cannot find in the record anywhere, including the court status report referred to in the majority opinion, any writing signed by the court listing either that or any other reason for departure. A trial court’s failure to comply with the requirements of Florida Rule of Criminal Procedure 3.701(d)(ll) requires the sentence to be vacated, State v. Jackson, 478 So.2d 1054 (Fla.1985), receded from on other grounds, Wilkerson v. State, 513 So.2d 664 (Fla.1987), and upon remand the defendant must be re-sentenced with no possibility of departing from the guidelines. Pope v. State, 561 So.2d 554 (Fla.1990).
For the reasons stated, I dissent from the majority and would vacate the sentence with direction that upon remand appellee be sentenced within the guidelines. Whether the trial court’s failure to comply with Rule. 3.701(d)(ll) can be the basis of a claim of ineffective assistance of counsel should be determined if an when presented by an appropriate procedure and at the appropriate time and place, upon an eviden-tiary hearing if necessary, rather than summarily from the face of this record. If such a claim were to be filed, fairness would require that appellee’s trial counsel be afforded an opportunity to respond.
I do agree with that part of the majority opinion which recognizes that Section 948.-01(10), Florida Statutes (1991) precludes ap-pellee being placed on community control. The area of disagreement here (as with this Court’s recent opinion in State v. Burgos, cited by the majority) is the failure to make clear that upon re-sentencing neither community control nor probation is a viable alternative. If the Legislature would not allow one convicted of a forcible felony to be placed on community control if previously convicted of a forcible felony, it logically follows that it was most certainly the legislative intent that one convicted of a forcible felony not be placed on probation if previously convicted of a forcible felony. Thus, with community control and probation ruled out as alternatives, it seems to me that the 15 year sentence that the court imposed on Count I (and then suspended in favor of two years community control followed by three years probation) is proper.