HARRIS, Chief Judge.
The issue on appeal is whether the trial court erred in departing from the permitted range when sentencing for a violation of probation which was based on a new substantive offense.
In September, 1989, Teddy Tossio was sentenced in Orange county to ten years’ probation as part of a split sentence for trafficking in cocaine. In June, 1993, Tossio pled guilty to violation of probation based on a new conviction for trafficking in cocaine in Seminole county.
Tossio’s seoresheet totalled 140 points, placing him in the fourth cell. The State recommended a sentence of five and one half years (the top of the permitted range), but the sentencing court sentenced him to ten years’ incarceration with credit for the four and one-half years previously served on the conviction and the 31 days served on the violation. This sentence was to run consecutively with the ten-year sentence received for the second trafficking conviction.
The reasons given for the departure were that the crime was a “grave” one and that the violating offense was the same offense for which Tossio was on probation. Tossio appeals; we reverse.
Tossio contends that his departure sentence was invalid because it was, in effect, based on the fact that he had violated probation and therefore could not have supported departure at the time of the original sentencing. Where the reasons given by the trial court for departing when sentencing on violation of probation would not have supported departure at the time of the original sentencing, departure is improper. Williams v. State, 581 So.2d 144 (Fla.1991); Lambert v. State, 545 So.2d 838 (Fla.1989). In Lambert, the court held that “factors related to the violation of probation” cannot be used as grounds for departure. Because Tossio’s departure sentence was based solely on a factor related to his violation of probation (the commission of a subsequent crime which was itself the violation), the sentence is improper and must be vacated.
REVERSED and REMANDED for resen-tencing within the guideline range.
COBB and GOSHORN, JJ., concur.