GRIFFIN, Judge,
concurring specially in result.
The defendant in this case, apparently has a “drinking problem.”- While under the influence of alcohol one evening, he proceeded to get his 13 year old stepdaughter drunk and, while she was thus impaired, performed oral sex on her and then penetrated her vaginally. A report was made to the police and when they investigated, the defendant admitted these offenses. The minimum sentence under the recommended range of the sentencing guidelines for these first degree felonies was nine years’ incarceration. The state entered into a plea agreement with the defendant, pursuant to which the state permitted the defendant to plead nolo contende-re to two counts of sexual activity with a child and agreed to “recommend” a sentence of one year of jail, one year of community control and ten years of probation. So much for consistency in sentencing. At sentencing, the trial court rejected the idea of any incarceration for this defendant, saying that incarceration would “indirectly” punish the victim because the defendant would not be able to pay her living expenses by working at his job as a supermarket stock clerk if he went to jail. The state objected to no incarceration, pointing out that a common feature of such crimes is that the victim is dependent on the perpetrator for her financial, physical and emotional survival and that, based on such reasoning, very few child abusers would go to jail.
I cannot agree with the majority’s statement that the appellee was induced to enter his plea based upon any assurance from the state. The plea form used in this case is a standard “no promises” recommended sentence form. It reflects the court agreed only to review the state’s recommendation after the presentence investigation was done. (The PSI recommended nine years’ incarceration).
The state might find it useful to draft a new form intended for use in situations like this where the state wants to agree to a *820 downward departure but wishes to prevent the court from departing downward even further than the state has agreed to recommend. This would avoid the present pickle the parties find themselves in. The state is determined to have the court’s sentence reversed but neither side wants Pope v. State, 561 So.2d 554 (Fla.1990) to apply since Pope requires, on remand, that the trial judge give this defendant a guidelines sentence. For some reason that does not make itself evident on the cold record, nobody below seems to think this defendant should get a guidelines sentence.