661 So.2d 285 (1995)
Robert David DOMBERG, Petitioner,
v.
STATE of Florida, Respondent.
No. 83954.
Supreme Court of Florida.
July 20, 1995.
Rehearing Denied October 12, 1995.
Bradley R. Stark, Miami, for petitioner.
Robert A. Butterworth, Atty. Gen., James W. Rogers, Sr. Asst. Atty. Gen., and Giselle Lylen Rivera, Asst. Atty. Gen., Tallahassee, for respondent.
OVERTON, Justice.
We have for review Domberg v. State, 636 So.2d 527 (Fla. 1st DCA 1994) (Domberg II), based on express conflict with Smith v. State, 598 So.2d 1063 (Fla. 1992),[1] and Barbera v. *286 State, 505 So.2d 413 (Fla. 1987).[2] We have jurisdiction. Art. V, § 3(b)(3), Fla. Const. For the reasons expressed, we approve in part and disapprove in part the district court's opinion in Domberg II, but we approve the court's decision because the result reached is correct.
The facts of this case are as follows. In 1984, Robert David Domberg, Jr., was convicted of kidnapping, conspiracy to commit murder, and a violation of the RICO Act. The sentences he received for those convictions exceeded the sentences recommended by the sentencing guidelines. The trial judge filed written reasons for the departure sentences, which were dated after the sentences were imposed but before a notice of appeal was filed. The written reasons, however, were not filed with the clerk of the court until after Domberg filed a notice of appeal.
Domberg's appeal was concluded in 1988. In that appeal, the First District Court of Appeal addressed a number of issues, including an issue dealing with the departure sentence. The district court characterized that issue by stating: "The court imposed sentences which exceed the recommended guidelines range, providing written reasons for this departure." Domberg v. State, 518 So.2d 1360, 1362 (Fla. 1st DCA), review denied, 529 So.2d 693 (Fla. 1988) (Domberg I). The district court then affirmed the sentences, concluding that, although some of the written reasons were not sufficient to support the departure sentences, others were sufficient. The district court did not address any issue regarding the trial judge's failure to file the written reasons contemporaneously with sentencing.
In 1992, Domberg filed a petition for a writ of habeas corpus in the district court asserting that: (1) the written reasons for the departure sentence were void because the trial judge lacked jurisdiction to file them after the notice of appeal was filed; and (2) Domberg's counsel was ineffective for failing to raise this issue on appeal. See Domberg II. In reviewing those issues, the district court first determined that the trial judge had erred in failing to file the written reasons until after the notice of appeal was filed. The district court found, however, that Domberg's counsel was not ineffective for failing to raise the issue on appeal because, in 1984, when Domberg was sentenced, this area of the law was unsettled. The district court went on to state that a further basis for rejecting Domberg's claim of ineffective assistance of appellate counsel was that the departure was justified, given that the State filed grounds for a departure sentence and those grounds were implicitly adopted by the trial judge at the time of sentencing. For that reason, the district court concluded that the order providing written reasons was redundant, and it rejected Domberg's habeas petition. The district court also noted that, even though it had not addressed in Domberg I the trial judge's failure to file written findings contemporaneously with sentencing, Domberg's counsel had in fact raised that issue in Domberg I.
Domberg contends that the trial judge's failure to file written reasons for departure contemporaneously with sentencing renders his sentences illegal and constitutes fundamental error that can be raised at any time. He also asserts that the district court erred in: (1) finding that his counsel was not ineffective; (2) failing to apply the law as it existed at the time of his initial appeal in this case; and (3) finding that the departure sentences were justified given that the trial judge implicitly adopted the State's grounds for that departure.
We recently determined that the failure to file written reasons for a departure sentence contemporaneously with sentencing does not constitute fundamental error. Davis v. State, No. 84,155, ___ So.2d ___ (Fla. July 20, 1995). Consequently, we reject Domberg's contention to the contrary.
We likewise reject Domberg's claim that his counsel was ineffective for failing to raise the jurisdictional argument on appeal. As properly noted by the district court, a trial judge is without jurisdiction to file written reasons for departure once a notice of appeal has been filed from a properly rendered *287 judgment. Wright v. State, 617 So.2d 837 (Fla. 4th DCA 1993); Davis v. State, 606 So.2d 470 (Fla. 1st DCA 1992). As such, the trial court did err in failing to properly render and file written reasons for its departure. It is important to emphasize, however, that at the time of Domberg's initial appeal, this area of the law was very unsettled. In fact, under the law at that time, had the district court addressed this issue, it would have remanded the case for resentencing and the trial court could have simply entered its previously late-filed written reasons for departure and resentenced Domberg to his initial sentences. See, e.g., Barbera v. State, 505 So.2d 413 (Fla. 1987), receded from by Pope v. State, 561 So.2d 554 (Fla. 1990); Hernandez v. State, 501 So.2d 163 (Fla. 3d DCA 1987). Not until we rendered our decision in Pope v. State, 561 So.2d 554 (Fla. 1990), did we determine that, on remand from a guidelines departure error, resentencing must be within the guidelines. Pope was issued two years after the conclusion of Domberg I. Consequently, under the circumstances of this case, it is not probable that the jurisdictional issue would have changed the outcome of Domberg's sentence on remand even had it been raised by counsel on appeal. Further, Domberg's counsel did raise the related issue of whether the failure to contemporaneously file the written reasons was error.
The test for determining ineffective assistance of appellate counsel is two-fold. First, the assistance of counsel must have been so erroneous or deficient that it fell outside the range of professionally acceptable performance. Second, the error or deficiency in the appellate process must have been so egregious that it undermined confidence in the correctness of the result. Suarez v. Dugger, 527 So.2d 190, 192-93 (Fla. 1988). In other words, for Domberg's counsel to be considered ineffective, there must be a reasonable probability that, but for counsel's ineffective assistance, the outcome of Domberg's sentencing would have been different. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Under the state of the law at the time of Domberg's initial appeal, we find that Domberg's counsel was not ineffective for failing to raise this issue on appeal.
Nevertheless, we agree that the district court erred in holding (1) that the law to be applied was that which was in effect at the time of sentencing and (2) that the filing of the order was redundant given that the State's grounds for departure were implicitly adopted by the trial judge at the time of sentencing. As to the first error, the law to be applied in this case is the law that was in effect at the time of the appeal, not the time of sentencing. Smith v. State, 598 So.2d 1063 (Fla. 1992), limited by Wuornos v. State, 644 So.2d 1000, 1008 n. 4 (Fla. 1994) (Smith read to mean that new points of law established by this Court shall be deemed retrospective with respect to all non-final cases unless this Court says otherwise), cert. denied, ___ U.S. ___, 115 S.Ct. 1705, 131 L.Ed.2d 566 (1995); State v. Jones, 485 So.2d 1283 (Fla. 1986). We find, however, that this error does not affect the result in this case because our decision in Pope was not rendered until two years after Domberg's appeal was finalized. Regarding the second issue, a trial judge cannot implicitly adopt the State's grounds for a departure sentence. Barbera v. State, 505 So.2d 413 (Fla. 1987) (formulation of reasons for departure is exclusive function of judiciary that cannot be delegated), receded from on other grounds, Pope, 561 So.2d at 556. We also find that this error does not affect the result in this case.
Accordingly, we approve the district court's denial of Domberg's petition for writ of habeas corpus, but we disapprove the district court's opinion to the extent it is inconsistent with the holdings of Smith and Barbera.
It is so ordered.
GRIMES, C.J., and SHAW and HARDING, JJ., concur.
KOGAN, WELLS and ANSTEAD, JJ., concur in result only.
NOTES
[1] Limited by Wuornos v. State, 644 So.2d 1000, 1008 n. 4 (Fla. 1994), cert. denied, ___ U.S. ___, 115 S.Ct. 1705, 131 L.Ed.2d 566 (1995).
[2] Receded from on other grounds, Pope v. State, 561 So.2d 554 (Fla. 1990).