MICKLE, Judge.
Michael Reid appeals a sentencing order imposing an upward departure from the guidelines. We affirm. In Reid v. State, 656 So.2d 191 (Fla. 1st DCA), rev. den., 663 So.2d 632 (Fla.1995), we 1) vacated the appellant’s 1994 conviction for a crime not at issue in the present appeal and remanded for a new trial, and 2) remanded for resentencing on the armed burglary offense at issue here. The resentencing hearing was held on October 31, 1995.
The sentencing guidelines require written reasons for a departure. Fla. R.Crim.P. 3.701(d)(ll). The appellant’s first claim of error is that the trial court failed to provide contemporaneous written reasons to justify the departure sentence. We disagree. State v. Lyles, 576 So.2d 706 (Fla.1991) (where reasons for departure sentence are executed in a written order on the same date as orally pronounced at the sentencing hearing, but are filed on the next business day, the trial court has satisfied “contemporaneous written reasons” requirement), receded from on other grounds, Smith v. State, 598 So.2d 1063,1066 (Fla.1992); Novicki v. State, 604 So.2d 571 (Fla. 4th DCA 1992) (on pet. for reh’g) (written departure order filed subsequent to oral pronouncement, but on same day, was “substantially the same” as oral ruling and satisfied contemporaneous rendition requirement). At the resentencing hearing, the able trial judge expressed oral findings of fact and articulated specific reasons for the departure. Those reasons were reduced to writing, without substantive change, and were filed on the same day as the hearing. The Florida Supreme Court has interpreted the law as requiring nothing more than was done below. In fact, the supreme court stated in Lyles that a trial court’s mere failure to file a written departure order simultaneously with its oral pronouncement “plac[es] form over substance.” Id. at 708-09. Contemporaneous filing, i.e., on the same day, “without substantive change,” is sufficient to satisfy the law. Id.
The second alleged error is that the trial court improperly delegated an exclusive judicial function by instructing the prosecutor to prepare a written sentencing order. The formulation of reasons for a departure sentence is “a function committed exclusively to the judiciary.” Johnson v. State, 483 So.2d 839, 839 (Fla. 2d DCA 1986) (revised opinion); Wilson v. State, 485 So.2d 42 (Fla. 5th DCA 1986). “[A] trial judge cannot implicitly adopt the State’s grounds for a departure sentence.” Domberg v. State, 661 So.2d 285, 287 (Fla.1995). Given the instant facts, however, we conclude that the trial court fulfilled its duties and did not err. The court orally pronounced its specific reasons for departure and simply directed the prosecutor to perform the clerical task of preparing a written order consonant with the court’s decision. In fact, the written order incorporated the court’s announced reasons for departure. The law does not preclude such a delegation. Martin v. State, 599 So.2d 719, 720 (Fla. 4th DCA 1992) (approving that portion of a departure order, prepared by the prosecutor, that comported with the reasons orally articulated by the sentencing court); Johnson, 483 So.2d at 840.
We find no merit in the appellant’s suggestion that the trial court, in its findings and reasoning, merely parroted the findings made by a different trial judge in the original 1994 sentencing proceeding. On the contrary, the transcript of the resentencing hearing demonstrates that counsel for both *974 sides addressed the sentencing options and that the judge fully considered the appellant’s criminal record as it related to the reasons for departure. We find no error in the trial court’s reliance on valid reasons for departure previously given at the original hearing.
AFFIRMED.
SHIVERS and ALLEN, JJ., concur.