W. SHARP, Judge.
The state appeals a downward departure sentence imposed on West. While on probation, after having been convicted of two counts of robbery with a deadly weapon and one count of attempted robbery with a firearm, West was found to have violated his probation and was sentenced to six months of community control, followed by five years probation. Although there may have been reasons for the downward departure sentence,[1] the trial court gave no written reasons and articulated none at the sentencing hearing.[2]
We have no choice in this ease but to reverse and remand for imposition of a guidelines sentence. State v. Smallwood, 664 So.2d 309 (Fla. 5th DCA 1995), abrogated other grounds, State v. Gitto, 23 Fla. L. Weekly D1550 (Fla. 5th DCA June 26, 1998); Hill v. State, 599 So.2d 127, 128 (Fla. 2d DCA 1992). Timely written reasons[3] for departure sentences, upward or downward are required. § 921.0016(l)(c); Fla. R.Crim. P. 3.701(d)(ll). We think the trial court’s belated effort in this case to supply written reasons after an appeal was taken cannot cure the defect since the trial court had by that time lost jurisdiction.[4] In any event, the reasons given pertain to the violation of probation incident, not the original crime for which West was being sentenced. This is clearly erroneous. Tossio v. State, 634 So.2d 244, 245 (Fla. 5th DCA 1994).
REVERSED and REMANDED.
DAUKSCH and ANTOON, JJ., concur.

. The permitted range under the guidelines was 4)4 to 9 years in prison and the recommended range was 5)4 to 7 years in prison.

. After this case had been appealed by the state, the court sua sponte made written findings that (a) the court had become solely focused on a different sentencing decision and failed to follow a more deliberate and systemic approach to the issues at hand; (b) one could conclude from the record that West committed a misdemeanor trespass rather than a burglary; and (c) if the sentence was a downward departure, the court failed to set forth written findings within fifteen days as required by Florida Rule of Criminal Procedure 3.702. The court noted, however, that one could conclude that a mitigating factor found in section 921.0016(4)(j), unsophisticated manner and isolated incident, applied in this case.

. In limited circumstances, oral reasons may suffice. See Reid v. State, 673 So.2d 972 (Fla. 1st DCA 1996); Wilcox v. State, 664 So.2d 55 (Fla. 5th DCA 1995); Fla. R.Crim. P. 3.702(d)(18).

. Domberg v. State, 661 So.2d 285, 286-287 (Fla. 1995).