McCarthy, TIMOTHY P., Associate Judge.
The appellee/cross-appellant, Freddie Clark, was convicted of attempted murder, *1117 aggravated child abuse, and neglect of his infant son. The jury rejected Clark’s plea of temporary insanity. The trial court imposed a downward departure sentence, which the state challenges on appeal. We affirm.
Clark’s scoresheet resulted in a recommended range of between 127.05 to 211.75 months in prison. The trial court imposed a sentence of two years community control and twenty-eight years of probation for attempted murder and two years community control followed by thirteen years probation for the other two convictions. The trial court also imposed special conditions, including an “in custody’ evaluation, a successful completion of a residential program, and a requirement to continue with any treatment, medication, and mental counseling during the lengthy probation. Clark is also prohibited from any unsupervised contact with his child or any other child under the age of six.

PLEA OF INSANITY

A number of expert witnesses were called to testify. The experts were not unanimous in their opinion as to Clark’s sanity at the time of the crimes. For example, one psychiatrist was unable to offer an opinion as to whether Clark was legally insane at the time the crimes occurred. However, three non-expert witnesses testified that after the incident, Clark seemed calm, rational, and coherent. Two of those witnesses related that even during the commission of the crimes, Clark appeared to be acting abnormally, but calm and in control of his actions.
Clark’s long time live-in girlfriend (and mother of the child victim) indicated that she did not have reason to believe that Clark was either insane or a threat to the child prior to this incident.
It was the jury’s prerogative to disregard the expert testimony and rely solely on the lay testimony. See State v. McMahon, 485 So.2d 884, 886 (Fla. 2nd DCA 1986). While the testimony as to Clark’s sanity was conflicting, the evidence of his sanity was legally sufficient to sustain the jury’s decision, as well as the subsequent denial of Clark’s post-trial motions attacking the jury’s decision.

DOWNWARD DEPARTURE SENTENCE

The trial court carefully articulated three mitigating reasons for downward departure of the sentence imposed. In so doing, the trial court also specifically recited its findings, rationale, and the applicable statutory provision for the downward departure. We have summarized those findings and rationale below.
First, pursuant to section 921.0Q26(2)(c), Florida Statutes (1997), the trial court found that Clark’s capacity to appreciate the criminal nature of his conduct or to conform that conduct to the requirements of law were substantially impaired, although the impairment did not reach the level of insanity. Second, pursuant to section 921.0026(2)(d), the trial court found that Clark required a specialized treatment for a mental disorder that is unrelated to substance abuse or addiction and that Clark was amenable to the specialized treatment. Third, pursuant to section 921.0026(2)(j), the trial court found that the offense was committed in an unsophisticated manner and was an isolated incident for which Clark had shown remorse.
The evidence in the record supports the trial court’s findings. Only one of the statutory factors needs to withstand appellate scrutiny for the departure to be upheld. See State v. Traster, 610 So.2d 572, 574 (Fla. 4th DCA 1992). We find that there was evidence in the record supporting the reasons for the departure. As such, the trial court did not abuse its discretion in imposing a departure sentence. See id. at 573-74.
AFFIRMED.
POLEN and GROSS, JJ., concur.