PER CURIAM.
In 1987, petitioner was convicted after jury trial of burglary with a battery, aggravated battery with a deadly weapon, and false imprisonment. Before trial, the State offered petitioner five years in pris *1060 on.[1] At the October 30, 1987 sentencing hearing, the trial court granted the State’s motion and imposed an upward departure sentence of life in prison. Although the judge did not initially announce a valid reason, the State corrected the judge who then orally announced valid reasons on the record. The court entered the written reasons proffered by the prosecutor a number of days later.
On direct appeal, appellate counsel argued, among other things, that the reasons for departure were invalid. This court affirmed. Mooney v. State, 539 So.2d 482 (Fla. 4th DCA 1989) (table).
In this proceeding, Petitioner seeks ha-beas corpus relief arguing that his upward departure sentence of life in prison is manifestly unjust. He raises two related claims: (1) that an assistant attorney general committed misconduct by misrepresenting the date of the offense to a federal court in a federal habeas proceeding, causing that court to misconstrue the law applicable to his claim; and (2) that appellate counsel was ineffective for failing to argue that the trial court’s failure to enter the written reasons at the time of the sentencing hearing constituted per se reversible error requiring resentencing within the guidelines range.
Petitioner’s first claim is without merit. The federal court was clearly not misled as to the date of the offense or the applicable law, nor would the alleged misrepresentations provide a basis for relief in this court.
Petitioner previously raised the same ineffective assistance of appellate counsel claim in a 1995 petition which this court denied. Because of the severity of the upward departure sentence, and the other circumstances, in these proceedings, we ordered the State to address whether a manifest injustice warranted relaxing the various procedural bars in this case. Having carefully considered the issue, and having had the benefit of oral argument, we conclude that we must deny the petition.
Although this court acknowledged in Ree v. State, 512 So.2d 1085 (Fla. 4th DCA 1987), approved in part, 565 So.2d 1329 (Fla.1990), that it was error for a trial court to not enter the written reasons for departure at the time of sentencing, the proper remedy to be applied in this situation was not settled until Pope v. State, 561 So.2d 554 (Fla.1990). The error at issue is technical, and not a “fundamental sentencing error” or “illegal sentence” that can be corrected at any time or for the first time on collateral review. Maddox v. State, 760 So.2d 89, 108 (Fla.2000); Davis v. State, 661 So.2d 1193 (Fla.1995).
Under extremely similar circumstances, the Florida Supreme Court denied an ineffective assistance of appellate counsel petition because the proper remedy for the failure to contemporaneously enter written reasons was “very unsettled” until Pope. Domberg v. State, 661 So.2d 285 (Fla.1995). The court explained that before Pope, the First District Court of Appeal “would have remanded the case for resentencing and the trial court could have simply entered its previously late-filed written reasons for departure and resen-tenced [petitioner] to his initial sentences.” Id. at 287. In Ree, this court reluctantly followed the First District’s decision in Oden v. State, 463 So.2d 313 (Fla. 1st DCA 1984), which acknowledged that the proper *1061 remedy was to remand for resentencing where the trial court could again impose an upward departure with appropriate written reasons. Thus, we find Domberg indistinguishable and are constrained to deny relief.

Petition denied.

STEVENSON, HAZOURI and DAMOORGIAN, JJ., concur.

. The original scoresheet called for a sentence between nine and twelve years, but a corrected guidelines scoresheet recommended a sentence between five and seven years. See Mooney v. State, 864 So.2d 60 (Fla. 4th DCA 2003) (concluding that the scoresheet error was harmless based on the departure).