TORPY, J.
Appellant challenges the legality of the sentence imposed upon him after he was resentenced in accordance with Heggs v. State, 759 So.2d 620 (Fla.2000). We agree with Appellant that the sentence constituted an improper departure sentence. Therefore, we reverse his sentence on each count and remand this cause with instructions that Appellant be resentenced.
After having been found guilty by a jury, Appellant was adjudicated guilty of Count I — Second Degree Murder with a Firearm, Count II — Trespass on a Structure While Armed with a Firearm, and Count III — Shooting into or Throwing Deadly Missiles into a Building with a Firearm. The events leading to the adjudication occurred on September 25 and 26, 1996. On December 19, 1997, Appellant was sentenced to the Department of Corrections, as follows: Count I — natural life, Count II — five years, and Count III — 15 years, with Counts I and II concurrent with each other, and Count III consecutive to the other counts. The sentence included a mandatory minimum three-year term on each of the counts, for use of a firearm, pursuant to section 775.087(2), Florida *442 Statutes (1995). Appellant was sentenced using a 1995 sentencing guidelines score-sheet, which showed a total point score of 405.4, with a sentencing range of between 283 and 471.7 months incarceration. The 1995 sentencing guidelines provided the trial court with discretion to impose a life sentence if a defendant’s total sentence points were equal to or greater than 363 points.
Relying upon Heggs v. State, 759 So.2d 620 (Fla.2000), Appellant filed a post-conviction motion to correct an illegal sentence. The trial court resentenced him, pursuant to a guidelines scoresheet, using the 1994 guidelines. That scoresheet showed a total point score of 249.6, with a sentencing range of between 166.2 and 277 months incarceration. At the sentencing hearing, the prosecutor argued that, because the offense of which Appellant had been convicted was a first degree felony punishable by life, the court could properly reimpose the life sentence. Appellant’s counsel countered that the court was required to sentence Appellant within the guidelines range. The trial court reimposed the same sentences, except that the three-year mandatory minimum prison term was only applied to Count III. No reason to depart was provided by the court either at the hearing, on the scoresheet, or by separate order. From the judgment and sentence this appeal timely followed.
Unlike the 1995 guidelines, absent a departure, the 1994 guidelines do not permit the imposition of a life sentence based on total sentencing points exceeding a certain number. Compare § 921.0014(2), Fla. Stat. (1995) and Fla. R.Crim. P. 3.991 with § 921.0014(1), Fla. Stat. (1993) and Fla. R.Crim. P. 3.990. Furthermore, absent departure, Appellant cannot be sentenced to the statutory maximum because it exceeds the maximum guidelines sentence. § 921.001(5), Fla. Stat. (1995). See also Fla. R. Crim P. 3.701(d)(11), (12). Thus, the sentence imposed by the lower court was erroneous.
On remand, the court should sentence Appellant within the guidelines unless a valid basis for departure exists, in which case a departure sentence may be imposed, provided that written findings are properly provided. State v. Betancourt, 552 So.2d 1107 (Fla.1989).[1]
REVERSED.
GRIFFIN and THOMPSON, JJ., concur.

. We have considered Appellant’s argument that Pope v. State, 561 So.2d 554 (Fla.1990), requires that the court impose a guidelines sentence upon remand without opportunity for further departure, but we determine that Pope does not apply here because, unlike Pope, the trial judge here did not consider this to be a departure sentence. See Troutman v. State, 630 So.2d 528, 533, n. 6 (Fla.1993).