SAWAYA, J.
Ronell Baker appeals the judgment and sentence entered following this court’s mandate to resentence him on all counts. He argues the trial court erred because it *735 only resentenced him on one of three counts.
Following a jury trial, Baker was found guilty of Count I — second degree murder with a firearm, Count II — trespass on a structure while armed with a firearm, and Count III — -shooting into or throwing deadly missiles into a building with a firearm. He was sentenced to life for Count I, five years for Count II, and fifteen years for Count III. Each of the sentences included a three-year mandatory minimum term for use of a firearm. The sentences for Counts I and II were concurrent, while the sentence for Count III was consecutive to the other counts.
Thereafter, Baker successfully filed a postconviction motion pursuant to Heggs v. State, 759 So.2d 620 (Fla.2000). However, at resentencing, the trial court reimposed the same sentences, with the exception of the three-year mandatory minimum, which was only applied to Count III. The sentences constituted departure sentences, for which no reason was provided by the court. Baker appealed.
Upon review, this court stated, “[W]e reverse his sentence on each count and remand this cause with instructions that Appellant be resentenced.” Baker v. State, 852 So.2d 441, 441 (Fla. 5th DCA 2003). We explained that the 1994 guidelines do not permit the imposition of a life sentence based on total sentencing points exceeding a certain number. Since that was what the trial court had erroneously relied upon in sentencing Baker, the trial court was instructed to resentence within the guidelines, unless a valid basis for departure existed. The mandate issued on September 10, 2003.
Pursuant to our mandate, Baker was to be resentenced on all counts. However, our review of the sentencing transcript reveals that only Count I was addressed on remand. Baker was resentenced to a prison term of 22 years, with credit for time served, on Count I.[1] We agree with Baker that the trial court erred by only resentencing on Count I and by failing to address Counts II and III. Accordingly, we remand for resentencing on Counts II and III. We summarily affirm as to the other issues raised by Baker.
AFFIRMED in part and REMANDED.
GRIFFIN and TORPY, JJ., concur.

. Parenthetically we note that the judgment erroneously indicated that Baker had entered a plea of nolo contendere, rather than having been tried and found guilty by a jury.